# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILLIAM G. BIBBUS, JR., | § |
| *Plaintiff,* | § § § |
| v. | § CIVIL ACTION NO. 4:21-cv-3324 |
| SKYWEST AIRLINES, INC. | § § § |
| *Defendant.* | § § |

## INDEX OF STATE COURT FILE

1. Docket Sheet

2. Plaintiff's Original Petition

3. Civil Case Information Sheet

4. Notice of Acceptance of Service

# 2021-47769

**COURT:** 281st
**FILED DATE:** 8/4/2021
**CASE TYPE:** Retaliation



### BIBBUS, WILLIAM G JR

Attorney: BOHORQUEZ, LIBIA ELIZABETH

vs.

### SKYWEST AIRLINES INC

| Date | Comment |
|------|---------|

Docket Sheet Entries

Case 4:21-cv-03324   Document 1-1   Filed on 10/11/21 in TXSD   Page 4 of 18

8/4/2021 11:39 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56018763
By: Cecilia Thayer
Filed: 8/4/2021 11:39 PM

CAUSE NO. _____

| | | |
|---|---|---|
| WILLIAM G. BIBBUS, JR<br>*Plaintiff* | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | COURT NO_____ |
| SKYWEST AIRLINES INC.<br>*Defendant.* | §<br>§<br>§<br>§ | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

NOW COMES Plaintiff William G. Bibbus, Jr., complaining of Defendant SkyWest Airlines, Inc., ("Defendant Skywest Airlines" or "Defendant") and files this Plaintiff's Original Petition alleging the following:

### I.  NATURE OF THE CASE

1.  Plaintiff, William G. Bibbus, Jr. brings this action under Chapter 21 of the Texas Labor Code (Chapter 21), TEX. LAB. CODE § 21.051, et. seq and the Americans with Disabilities Act of 1990, as amended ("ADA"), for the unlawful employment practices committed by Defendant SkyWest Airlines against Plaintiff on the basis of his disability, and for the unlawful retaliation and termination of his employment because of his request for a reasonable accommodation. Bibbus requested an accommodation from wearing a mask, a policy which was implanted during April 2020 because of the COVID pandemic. Bibbus, an asthmatic, requested he be excused from wearing a mask, which exacerbated his asthma making it difficult for him to breathe. Bibbus was a senior mechanic who primarily worked outside on the airport ramp and/or in empty planes with very little public interaction or interaction with other SkyWest employees.

After making his request for an accommodation, Bibbus was placed on administrative leave, and subsequently terminated, even after he agreed to wear the mask. Plaintiff was subjected to a hostile work environment for requesting a reasonable accommodation. In fact during this time, an incident arose where Bibbus filed a report on an aircraft he determined was not airworthy and could jeopardize the safe operation of the aircraft. Bibbus was verbally reprimanded by his supervisors for filing the report. Ultimately, he was terminated in retaliation for requesting a reasonable accommodation violation of the Texas Labor Code and ADA.

## II.   PARTIES

2.   Plaintiff is an individual who resides in Harris County, Texas.

3.   SkyWest Airline Inc. is a foreign for-profit corporation registered to do business in the state of Texas, which may be served through its registered agent Corporate Creations Network Inc., 5444 Westheimer 1000 Houston, Texas 77056, or wherever they may be found.

## III.   JURISDICTION & VENUE

4.   This Court has jurisdiction over this suit because Bibbus' one or more causes of action arise under state law, i.e., Chapter 21. Venue is proper in Harris County because a principal office of Defendant is located in Harris County.

## IV.   FACTUAL BACKGROUND

5.   William G. Bibbus, Jr., began working at SkyWest Airlines, Inc on August 17, 2015. Bibbus worked as a Mechanic III with SkyWest Airlines, had positive performance reviews, and received no discipline during his 5-year employment.

6.    As a Mechanic level III, eighty percent of Bibbus' duties required him to work outside on the airport ramp, or inside an empty plane, cockpit, cargo area, or under the belly of the plane, alone. Bibbus had very little physical interaction with the public and/or other employees.

2

7. On or about March 13, 2020, Governor Abbott of Texas issued a mask mandate policy requiring the use of face coverings using the lease restrictive means, ***and exempting any person with a medical condition or disability that prevents wearing a face covering***, among other exemptions.

8. On or about April 13, 2020, SkyWest announced to its employees that it was implementing a mask policy in accordance with the local government agencies and that the employees should get ready to comply, according to those government policies.

9. During the summer months of 2020, Bibbus was experiencing difficulty breathing with the mask. Bibbus suffers from asthma and used his inhaler to try to remedy his breathing issues. Ultimately, his breathing became so affected that his doctor ordered him not to wear a mask and recommended that he seek an accommodation with his employer.

10. In June of 2020, Bibbus met with his supervisor, Mr. Reginald Teague, and requested a reasonable accommodation excusing him from having to wear his mask since he primarily worked outside and alone, most of the time. At this time, Bibbus showed his supervisor his doctor's diagnosis notes on a special app on his phone. Bibbus was allowed not to wear a mask for a time, but never received a formal response to his request until after he was placed on administrative leave sometime later for allegedly refusing to wear a mask.

11. Other employees who worked outside or in the SkyWest maintenance office rarely wore masks, unless they were going inside the airport terminal where there may be passengers or employees of other airlines. This practice continued until after Bibbus' termination.

12. On or about September 16, 2020, Bibbus filed a report on an aircraft he determined was not airworthy and could jeopardize the safe operation of the aircraft. Bibbus was verbally reprimanded by his supervisors for filing the report.

13. Bibbus' primary responsibility required him to assist Skywest' Director of Maintenance with the responsibility of maintaining the company aircraft in the airworthy condition, and with monitoring the daily maintenance actions and activity system-wide to ensure that reliability goals are met.

14. In early October of 2020, Bibbus renewed his requests to his supervisor for a formal ADA accommodation due to his asthma. Those requests went unaddressed.

15. On October 14, 2020, Bibbus was confronted by a United Airline Supervisor for not wearing a mask.

16. On October 14, 2020, Bibbus was called into his supervisor office and asked to confirm the incident with United Air Lines had occurred. Bibbus confirmed the incident and his supervisor ordered him to attend a mask training, which he did later that day.

17. On October 16, 2020, Bibbus emailed Kellie Dehais, HR Manager Employee Relations, advising his previous multiple requests were not being actioned and renewed his request for the paperwork for an accommodation.

18. On October 17, 2020, Bibbus again renewed his request for an accommodation, pursuant to his doctor's orders. Bibbus was offered the "opportunity to wear his mask" in exchange for continued employment. He agreed to wear the mask.

19. On October 20, 2020, Bibbus was called into his supervisor Reginald Teague's office and Bibbus asked if the meeting was about a disciplinary issue, and if so, he was requesting a representative of SkyWest Aircraft Mechanics Association ('SAMA") be present pursuant to Defendant's employee manual. He was told it was not a disciplinary issue and was denied the SAMA representative. At that meeting, Bibbus was placed on administrative leave for allegedly refusing to wear a mask, to wit:

4

> **"Employee refuses to wear a mask. Employee states he has a medical condition which makes him exempt from wearing a mask. Employee need (sic) to contact Employee Relations for further instructions."**

20. On October 20, 2020, at 5:43pm, HR finally responded to Bibbus with the accommodation paperwork and directed him to fill it out. Bibbus complied and additionally provided a doctor's note regarding his disability.

21. On November 9, 2020, Bibbus was terminated.

22. Undeniably, Bibbus was an entitled employee, 2) he had a serious medical condition which required care, and 3) he properly notified SkyWest Airlines Human Resources of his need for accommodation and followed the proper procedures in requesting such accommodation. Defendant SkyWest Airlines failed to engage in an interactive process and did not provide him the accommodation forms until after they placed him on administrative leave. Defendant SkyWest Airlines did not comply with his request, did not provide him with his union representative when he was about to be disciplined, and subsequently wrongfully terminated him.

23. Bibbus appealed his termination, and a Review Board affirmed the termination.

24. Though Bibbus requested his personnel file, and other relevant information, he was denied same and did not have a fair opportunity to defend himself at the Review Board hearing, as required by Defendant's employee appeal policy.

## V. CAUSES OF ACTION

### A. Violations of the Texas Labor Code (Disability)

25. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

26. Chapter 21 of the Texas Labor Code prohibits discrimination on the basis of

5

disability. TEX. LAB. CODE § 21.051, et. seq. Bibbus is disabled as defined by Chapter 21. Bibbus suffers from severe asthma. Bibbus was required to wear a mask while he worked at SkyWest Airlines during the pandemic, which exacerbated his asthma to a point where his doctor ordered him not to use his mask. Bibbus is otherwise qualified to perform the essential functions of his job.

27. Bibbus is an employee, and Defendant SkyWest Airlines is an employer, under the definitions set forth in Chapter 21. Bibbus had experience as a Mechanic III and, indeed, had performed this position at SkyWest Airlines for a number of years when SkyWest Airlines terminated his employment.

27. SkyWest Airlines has violated Chapter 21 by intentionally discriminating against Bibbus because of his disability. SkyWest Airlines 's discriminatory acts include, without limitation, SkyWest Airlines 's failure to engage in the interactive process; failure to provide a reasonable accommodation to Bibbus, including but not limited to allowing him to not wear a mask when working alone and outside which is most of the time, and/or transferring him to a position were he could work remotely for which he was qualified, and termination of his employment.

### B. Violations of the Texas Labor Code (Retaliation)

28. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

29. Chapter 21.055 of the Texas Labor Code prohibits retaliation against employees who request a reasonable accommodation. SkyWest Airlines has violated Chapter 21 by retaliating against Bibbus for making a request for a reasonable accommodation. SkyWest Airlines' retaliatory acts include, without limitation, SkyWest Airlines 's refusal to allow Defendant to not

wear a mask at least for the time he worked outside in the airport ramp when he was alone, and when they allowed other people to not wear a mask and/or by interfering with his right to request a reasonable accommodation by not providing him with the paperwork until after he was placed on administrative leave, not providing him with a SAMA representative when he was being placed on administrative leave, the termination of Bibbus' employment, and their refusal to follow company policy on employee rights during an appeal for Board Review.

### C. Disability Discrimination and Failure to Accommodate under the Americans With Disabilities Act

30. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

31. Plaintiff had a disability. Defendant regarded Plaintiff as disabled.

32. Plaintiff was qualified for his position.

33. Defendant discriminated against Plaintiff and terminated Plaintiff because of his disability and/or perceived disability.

34. Defendant failed or refused to make a reasonable workplace accommodation to a known physical or mental limitation of Plaintiff, an otherwise qualified employee with a disability.

35. As a result of Defendant's intentional, discriminatory, and/or otherwise unlawful acts described above, Plaintiff has suffered and continues to suffer mental anguish, emotional pain and suffering, and damage to his professional reputation. Plaintiff also sues for the recovery of punitive damages as authorized by statute.

### VI. DAMAGES

36. As a result of Defendant SkyWest Airlines' conduct, Plaintiff seeks the following relief: (1) past and future lost wages and benefits; (2) out of pocket expenses; (3) costs of court and attorney's fees; (4) past and future mental anguish and emotional distress damages; (5)

compensatory damages; and (6) all other damages to which he shows himself entitled, whether in equity or at law.

37. The wrongful conduct of Defendant is evidenced by a consciously indifferent attitude towards employees' rights under the ADA. As a result of this conduct, liquidated and punitive damages should be assessed against Defendant so as to deter this type of conduct in the future.

38. Pursuant to Rule 47, TEX. R. Civ. P., Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## VII.   ATTORNEYS' FEES

39. Bibbus has also had to employ attorneys to vindicate his rights under the law, and therefore, he seeks reasonable and necessary attorneys' fees and costs under Chapter 21 and the ADA.

## VIII.   ADMINISTRATIVE PREREQUISITES

40. All conditions precedent to this suit have been performed or have occurred, including exhausting all required administrative remedies. Plaintiff Bibbus timely filed a complaint against Defendant, SkyWest Airlines on March 24, 2021, with the Equal Employment Opportunity Commission and Texas Workforce Commission, Civil Rights Division, as required by the above-referenced statute. Plaintiff Bibbus received his Notice of Right to File a Civil Action from the EEOC on April 16, 2021. Plaintiff and Defendant entered into a tolling agreement, extending the time to file the lawsuit until August 4, 2021.

## IX.   DEMAND FOR JURY TRIAL

41. Bibbus respectfully demands a trial by jury of all claims and issues in this cause.

## PRAYER

WHEREFORE, Plaintiff William G. Bibbus, Jr., respectfully requests that the Court issue citation for Defendant SKYWEST AIRLINES INC., to appear and answer, and that upon final trial, Plaintiff William G. Bibbus, Jr. have and recover a judgment against Defendant SkyWest for the following damages:

 i. Judgment against Defendant for actual damages sustained by Plaintiff as alleged herein;

 ii. Grant Plaintiff general damages for the damage to Plaintiff caused by Defendant's violations of the ADA;

 iii. Pre-judgment interest at the highest legal rate;

 iv. Post-judgment interest at the highest legal rate until paid;

 v. Back-pay;

 vi. Front-pay;

 vii. Damages for emotional distress and mental anguish in the past and future;

 viii. Liquidated damages;

 ix. Exemplary damages;

 x. Attorneys' fees;

 xi. All costs of court;

 xii. Such other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

Respectfully submitted,

BOHORQUEZ HOEFKER, PLLC

By: /s/ Elizabeth Bohorquez
Elizabeth Bohorquez
State Bar No. 00790328
2401 Fountainview Dr., Ste. 801
Houston, Texas 77057
Tel. (713) 812-8787
Fax (281) 652-5758
ebohorquez@bhlawtx.com

**ATTORNEYS FOR PLAINTIFF**
**WILLIAM G. BIBBUS JR.**

Case 4:21-cv-03324 Document 1-1 Filed on 10/11/21 in TXSD Page 14 of 18

8/4/2021 11:39:30 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 56018763
By: THAYER, CECILIA
Filed: 8/4/2021 11:39:30 PM

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____  COURT *(FOR CLERK USE ONLY):*

STYLED **WILLIAM G. BIBBUS, JR., VS. SKYWEST AIRLINES INC.**
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: Elizabeth Bohorquez | Email: ebohorquez@bohorquezhoefkerlaw.com | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Address: 2401 Fountain View Drive, Suite 801. | Telephone: 713-812-8787 | Plaintiff(s)/Petitioner(s): William G. Bibbus, JR. | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| City/State/Zip: Houston, Texas 77057 | Fax: 281-652-5758 | Defendant(s)/Respondent(s): SkyWest Airlines Inc. | Additional Parties in Child Support Case:<br>Custodial Parent:<br>Non-Custodial Parent:<br>Presumed Father: |
| Signature: | State Bar No: 00790328 | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☒ Discrimination<br>☐ Retaliation<br>☒ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |

| **Tax** | *Probate & Mental Health* | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

☐ Appeal from Municipal or Justice Court   ☐ Declaratory Judgment   ☐ Prejudgment Remedy
☐ Arbitration-related                      ☐ Garnishment             ☐ Protective Order
☐ Attachment                               ☐ Interpleader            ☐ Receiver
☐ Bill of Review                           ☐ License                 ☐ Sequestration
☐ Certiorari                               ☐ Mandamus                ☐ Temporary Restraining Order/Injunction
☐ Class Action                             ☐ Post-judgment           ☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

9/17/2021 10:54 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57349682
By: Bonnie Lugo
Filed: 9/17/2021 10:54 AM

CAUSE NO. 2021-47769

| | | |
|---|---|---|
| WILLIAM G. BIBBUS, JR., | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| SKYWEST AIRLINES INC. | § § § | |
| *Defendant.* | § | 281st JUDICIAL DISTRICT |

## NOTICE OF ACCEPTANCE OF SERVICE

Defendant Skywest Airlines, Inc., files this notice of its acceptance of service of process by and through its undersigned attorneys of record, pursuant to Rule 119 of the Texas Rules of Civil Procedure. Accordingly, undersigned counsel, declares:

1. "I, Cristina Guerrero, and the firm of Gordon Rees Scully Mansukhani, LLP, have been retained by Defendant Skywest Airlines, Inc., as counsel in the above-captioned proceeding. I am over 18 years of age and am of sound mind.

2. I have been authorized by Defendant to accept formal service of process of Plaintiff's Original Petition on Defendant, in accordance with Texas Rule of Civil Procedure 119.

3. I acknowledge that on September 15, 2021, I was provided with a copy of the Plaintiff's Original Petition and citation for same from Plaintiff's counsel in the above-captioned matter. I hereby accepted service of Plaintiff's Original Petition on Defendant's behalf on September 15, 2021."

Cristina Guerrero

State of Texas   §
County of Harris §

Sworn to and subscribed before me on September 17, 2021, by Cristina Guerrero. I certify that I am not an attorney in this case.

Notary Public, State of Texas



XITLALI SALINAS
Notary ID #125910781
My Commission Expires
April 5, 2025

Page 1 of 2

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI LLP

By: */s/ Cristina Guerrero*
    **Laura E. De Santos**
    Texas State Bar No. 00793612
    ldesantos@grsm.com
    Direct: 713-490-4827
    **Cristina Guerrero**
    Texas State Bar No. 24058860
    cxguerrero@grsm.com
    Direct: 713-490-4850
    1900 West Loop South, Suite 1000
    Houston, Texas 77027

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    I hereby certify that on Fri, Sep 17, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to Plaintiff's counsel of record.

                                           */s/ Cristina Guerrero*
                                           **Cristina Guerrero**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Xitlali Salinas on behalf of Cristy Guerrero
Bar No. 24058860
xsalinas@grsm.com
Envelope ID: 57349682
Status as of 9/17/2021 11:19 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Laura E.De Santos | | ldesantos@grsm.com | 9/17/2021 10:54:02 AM | SENT |
| Cristina Guerrero | | cxguerrero@grsm.com | 9/17/2021 10:54:02 AM | SENT |
| Elizabeth Bohorquez | | ebohorquez@bhlawtx.com | 9/17/2021 10:54:02 AM | SENT |
| Chad Shultz | | cshultz@grsm.com | 9/17/2021 10:54:02 AM | SENT |