**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WILLIAM G. BIBBUS, JR | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| | § | Civil Action No. 4:21-cv-03324 |
| VS. | § | |
| | § | |
| SKYWEST AIRLINES INC. | § | |
| *Defendant.* | § | |
| | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT[1]**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

NOW COMES William G. Bibbus, Jr., Plaintiff herein, by and through his attorney of record, hereby complains of Defendant SkyWest Airlines, Inc., ("SkyWest" or "Defendant"), and for cause of action would respectfully show this Honorable Court the following, Defendant is not opposed to the filing of Plaintiffs First Amended Complaint:

## I.    NATURE OF THE CASE

1.    Plaintiff, William G. Bibbus, Jr. brings this action under the Texas Commission on Human Rights Act, Chapter 21 of the Texas Labor Code ("TCHRA"), TEX. LAB. CODE §21.051, *et seq.* and the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, as amended, and as further amended by the ADA Amendments Act of 2008 ("ADA"), for the unlawful employment practices committed by SkyWest against Bibbus due to disability discrimination and retaliation in connection with his termination of employment. Bibbus requested an accommodation from wearing a mask, a policy which was implemented in April 2020 because of the COVID-19

---

[1] Plaintiff is amending his state court Petition subsequent to removal of the above-styled action.

pandemic.  Bibbus, an asthmatic, requested a reasonable accommodation in that he be excused from wearing a mask, which exacerbated his asthma making it difficult for him to breathe.  Bibbus was a senior mechanic who primarily worked outside on the airport ramp and/or in empty planes with very little public interaction or interaction with other SkyWest employees.  After making his request for an accommodation, Bibbus was placed on administrative leave, and subsequently terminated.  Bibbus was also subjected to a hostile work environment for requesting a reasonable accommodation and was denied such request for a reasonable accommodation. Further, Defendant failed to engage in an interactive process in connection with its denial of such request for a reasonable accommodation. Ultimately, he was terminated on the basis of and/or because of his disability, and in retaliation for requesting a reasonable accommodation and complaining about prior denials of such request for accommodation made to oppose Defendant's discriminatory practice(s) in violation of the TCHRA and ADA.

## II.     PARTIES

2.     Plaintiff is a resident of the County of Harris, State of Texas and at all pertinent times he was a resident of Harris County, Texas.  Plaintiff was an employee with Defendant as defined by and understood under the ADA at 42 U.S.C. §12111 and the TCHRA at Texas Labor Code §21.002(7).

3.     Defendant is a foreign for-profit corporation registered to do business in the State of Texas. Defendant does business in this District and Division, and has already been served with process and appeared in this action.  Defendant is an Employer as defined by and understood under the ADA at 42 U.S.C. §12111 and the TCHRA at Texas Labor Code §21.002(8).

### III.     JURISDICTION & VENUE

4.       Although removed, the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367, 2201 and 2202.  This is a suit in law and in equity, authorized and instituted pursuant to the ADA.  The jurisdiction of this Court is invoked to secure the protection of disabled persons, as well as those having a record of or perceived as having a disability pursuant to the ADA.  This Court's supplemental jurisdiction is sought based on Plaintiff's claims brought under the TCHRA.

5.       Venue in this Court has been acknowledged by Defendant in its removal of the underlying state court action.  Further, venue is appropriate in this District pursuant to 28 U.S.C. §1391 in that the Defendant resides in this Judicial District and/or a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.  Furthermore, the Defendant maintains sufficient business contacts in one or more counties comprising this Judicial District and the Houston Division.

### IV.     FACTUAL BACKGROUND

6.       William G. Bibbus, Jr., began working at SkyWest on August 17, 2015. Bibbus worked as a Mechanic III with SkyWest, had exemplary performance reviews, and received no discipline during his 5-year employment.

7.       As a Mechanic level III, approximately eighty percent of Bibbus' duties required him to work outside on the airport ramp, or inside an empty plane, cockpit, cargo area, or under the belly of the plane, alone.  Bibbus had very little physical interaction with the public and/or other employees.

8.      On or about April 13, 2020, SkyWest announced to its employees that it was implementing a mask policy in accordance with the local government agencies and that the employees should get ready to comply, according to those government policies.

9.      During the summer months of 2020, Bibbus was experiencing difficulty breathing with the mask.  Bibbus suffers from asthma and used his inhaler to try to remedy his breathing issues.  Ultimately, his breathing became so affected that his doctor ordered him not to wear a mask and recommended that he seek an accommodation with his employer.

10.     In June of 2020, Bibbus met with his supervisor, Mr. Reginald Teague, and requested a reasonable accommodation excusing him from having to wear his mask since he primarily worked outside and alone, most of the time.  At this time, Bibbus showed his supervisor his doctor's diagnosis notes on a special app on his phone.  Bibbus was allowed not to wear a mask for a time, but never received a formal response to his request until after he was placed on administrative leave sometime later for allegedly refusing to wear a mask.

11.     On July 2, 2020, Texas Governor Abbott issued a mask mandate policy requiring the use of face coverings using the lease restrictive means*, and exempting any person with a medical condition or disability that prevents wearing a face covering*, among other exemptions.

12.     In August 2020, Bibbus received a positive Performance Review.

13.     Other employees who worked outside or in the SkyWest maintenance office rarely wore masks, unless they were going inside the airport terminal where there may be passengers or employees of other airlines. Upon information and belief, this practice continued until after Bibbus' termination.

14.     In early October of 2020, Bibbus renewed his requests to his supervisor for a formal ADA accommodation due to his asthma.  Those requests went unaddressed.

15.     On October 14, 2020, Bibbus was confronted by a United Airlines Supervisor for not wearing a mask.

16.     On October 14, 2020, after the aforementioned confrontation, Bibbus was called into Mr. Teague's office and asked to confirm that the incident with the United Airlines had occurred. Bibbus confirmed the incident and Mr. Teague ordered him to attend a mask training, which he did later that day.

17.     On October 16, 2020, Bibbus escalated his request for an accommodation by emailing Kellie Dehais, Employee Relations ("ER") Manager, complaining to her that his previous multiple requests for an accommodation were being ignored and renewing his request for the paperwork for an accommodation.

18.     On October 16, 2020, Ms. Dehais acknowledged his request for an accommodation.

19.     On October 17, 2020, Bibbus was called into Mr. Teague's office and threatened with his job if he does not wear a mask.  There is still **no** legally required interactive process pursuant to the ADA engaged in by Defendant, since he is entitled to a medical exemption under the ADA.

20.     On October 20, 2020, Bibbus renewed his request for an accommodation excusing him from having to wear his mask to HR to Kellie Dehais, Manager Employee Relations.

21.     On October 20, 2020, Bibbus was called into Mr. Teague's office. Bibbus asked if the meeting was about a disciplinary issue, and, if so, he requested that a representative of SkyWest Aircraft Mechanics Association ('SAMA") be present pursuant to Defendant's Corrective Action/Appeals policy. He was told it was not a disciplinary issue and was improperly denied the SAMA representative.  Yet, at that meeting, Bibbus was placed on administrative leave, having been denied his right to a representative, for allegedly refusing to wear a mask.

22.     Defendant stated on the Notice of Administrative Leave:

**"Employee refuses to wear a mask. Employee states he has a medical condition which makes him exempt from wearing a mask. Employee need (sic) to contact Employee Relations for further instructions."**

23.     On October 20, 2020 Bibbus filed a Complaint with SkyWest complaining of discrimination, misuse of power, threats, harassment, and hostile work environment.

24.     Ms. Dehais was well aware, on October 20th, of Bibbus having been placed on administrative leave.  Later, on October 20, 2020, Ms. Dehais (ER) finally responded to Bibbus with the accommodation paperwork and directed him to fill it out. Bibbus complied and then provided a doctor's note regarding his disability.

25.     On November 5th, Ms. Dehais sent an email to Bibbus giving a different reason than what was identified on the administrative leave form by stating that he was placed on leave due to "insubordinate and unprofessional conduct." This apparent evolving reason articulated by Defendant is completely false. Bibbus was first told that it was non-disciplinary, and then it was later told to him that it is disciplinary.

26.     On November 9, 2020, Bibbus was terminated.

27.     Defendant failed to engage in an interactive process under the ADA and did not provide him the accommodation forms until after Defendant placed him on administrative leave.

28.     Bibbus appealed his termination, and a Review Board within Defendant affirmed the termination.

29.     Though Bibbus requested his personnel file, and other relevant information, he was denied same and did not have a fair opportunity to defend himself at the Review Board hearing, in contravention of Defendant's Corrective Action/Appeals policy.

## V.    CAUSES OF ACTION

### A.  Violations of the TCHRA (Disability and Retaliation)

30.      Plaintiff incorporates all allegations contained in the foregoing paragraphs.

31.      The TCHRA prohibits discrimination, including discharge, because of disability (actual disability, record of disability and/or regarded as having a disability). Bibbus is a qualified individual with a disability under the TCHRA, as Bibbus suffers from severe asthma.  Bibbus was required to wear a mask while he worked at SkyWest during the pandemic, which exacerbated his asthma to a point where his doctor ordered him not to use his mask.  Bibbus has a physical disability that substantially limits one or more major life activities. He is able to perform the essential functions of his job at Defendant with the reasonable accommodation stated above. Bibbus provided Defendant with a record of his disability. Additionally, Defendant regarded Bibbus as having a disability.

32.      SkyWest has violated the TCHRA by intentionally discriminating against Bibbus because of his disability (actual disability, record of disability and/or regarded as having a disability).  SkyWest's unlawful discriminatory acts include, without limitation, SkyWest's failure to engage in the interactive process; failure to provide a reasonable accommodation to Bibbus, including but not limited to allowing him to not wear a mask when working alone and outside (which is most of the time), and/or failing to transfer him to a position where he could work remotely for which he was qualified, and termination of his employment.

33.      The TCHRA also prohibits retaliation against employees who oppose a discriminatory practice. Bibbus made multiple requests to be accommodated and escalated such request to SkyWest's ER by complaining about the fact that his prior requests for accommodation

have been denied and seeking accommodation documents from SkyWest. Bibbus' actions alerted SkyWest to his belief that disability discrimination was at issue. Therefore such accommodation request was made to oppose such discriminatory practice as stated herein.

34.     Accordingly, SkyWest has violated the TCHRA by retaliating against Bibbus for his opposition to disability discrimination in connection with SkyWest's denial of his request for a reasonable accommodation. SkyWest retaliated against Bibbus by placing him on unpaid administrative leave and terminating his employment.  Due to Defendant's unlawful conduct referenced herein, Plaintiff has suffered actual damages.

35.     As a result of Defendant's intentional and discriminatory/retaliatory acts described above, Plaintiff has suffered and continues to suffer mental anguish, humiliation, emotional distress, all to his detriment and compensable at law.

36.     Plaintiff sues for actual and compensatory damages under the TCHRA.

37.     Plaintiff would show that Defendant and its agents and employees, by their actions, statements, practices, and policies, maliciously, intentionally and/or with reckless indifference discriminated against Plaintiff on account of disability and in its retaliation for his opposition to such unlawful conduct.  As a result of this conduct, punitive damages should be assessed against Defendant so as to deter this type of conduct in the future.

38.     Plaintiff has fully complied with the provisions of the TCHRA.  All jurisdictional prerequisites necessary to the maintenance of the instant action have been fulfilled.

39.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for preliminary and permanent injunction is the only available means

of securing adequate relief.  Plaintiff presently suffers and will continue to suffer irreparable injuries from Defendant's policies, practices, customs, and usages set forth herein.

40.     The effect, purpose and intent of the policies and practices pursued by Defendant have been and continue to be to limit, classify, and intentionally and willfully discriminate against Plaintiff in violation of his rights and the rights of other employees with a disability and otherwise adversely affecting their status as employees because of their disability in violation of the TCHRA.

### B. Violations of the ADA (Disability and Retaliation)

41.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

42.      The ADA prohibits discrimination, including discharge, on the basis of disability (actual disability, record of disability and/or regarded as having a disability). Bibbus is a qualified individual with a disability under the ADA, as Bibbus suffers from severe asthma. Bibbus was required to wear a mask while he worked at SkyWest during the pandemic, which exacerbated his asthma to a point where his doctor ordered him not to use his mask.  Bibbus has a physical disability that substantially limits one or more major life activities. He is able to perform the essential functions of his job at Defendant with the reasonable accommodation stated above. Bibbus provided Defendant with a record of his disability. Additionally, Defendant regarded Bibbus as having a disability.

43.     SkyWest has violated the ADA by intentionally discriminating against Bibbus on the basis of disability (actual disability, record of disability and/or regarded as having a disability). SkyWest's unlawful discriminatory acts include, without limitation, SkyWest's failure to engage in the interactive process; failure to provide a reasonable accommodation to Bibbus, including but not limited to allowing him to not wear a mask when working alone and outside (which is most of

the time), and/or failing to transfer him to a position where he could work remotely for which he was qualified, and termination of his employment.

44.     The ADA also prohibits retaliation against employees who oppose a discriminatory practice and protects those from coercion, intimidation, threats, or interference in the employee's exercise of his rights under the ADA.  Bibbus made multiple requests to be accommodated and escalated such request to SkyWest's ER by complaining about the fact that his prior requests for accommodation have been denied and seeking accommodation documents from SkyWest. Bibbus' actions alerted SkyWest to his belief that disability discrimination was at issue.  Therefore, such accommodation request was made to oppose such discriminatory practice as stated herein.

45.     Accordingly, SkyWest has violated the ADA by retaliating against Bibbus for his opposition to disability discrimination in connection with SkyWest's denial of his request for a reasonable accommodation and violated the ADA by retaliating against Bibbus for requesting a reasonable accommodation.  SkyWest also retaliated against Bibbus in connection by placing him an unpaid administrative leave and terminating his employment.  Due to Defendant's unlawful conduct referenced herein, Plaintiff has suffered actual damages.

46.     As a result of Defendant's intentional and discriminatory/retaliatory acts described above, Plaintiff has suffered and continues to suffer mental anguish, humiliation, emotional distress, all to his detriment and compensable at law.

47.     Plaintiff sues for actual and compensatory damages under the ADA.

48.     Plaintiff would show that Defendant and its agents and employees, by their actions, statements, practices, and policies, maliciously, intentionally and/or with reckless indifference discriminated against Plaintiff on account of disability and in its retaliation for his opposition to

such unlawful conduct.  As a result of this conduct, punitive damages should be assessed against Defendant so as to deter this type of conduct in the future.

49.      Plaintiff has fully complied with the provisions of the ADA.  All jurisdictional prerequisites necessary to the maintenance of the instant action have been fulfilled.

50.      Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for preliminary and permanent injunction is the only available means of securing adequate relief.  Plaintiff presently suffers and will continue to suffer irreparable injuries from Defendant's policies, practices, customs, and usages set forth herein.

51.      The effect, purpose and intent of the policies and practices pursued by Defendant have been and continue to be to limit, classify, and intentionally and willfully discriminate against Plaintiff in violation of his rights and the rights of other employees with a disability and otherwise adversely affecting their status as employees because of their disability in violation of the ADA.

## VI.      ADMINISTRATIVE PREREQUISITES

52.      All conditions precedent to this suit have been performed or have occurred, including exhausting all required administrative remedies. Bibbus timely filed a Charge of Discrimination against Defendant SkyWest on March 24, 2021 with the U.S. Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission, Civil Rights Division ("TWCCRD"), pursuant to a worksharing Agreement between the agencies. Bibbus received his right to sue notice from the EEOC on April 16, 2021. Plaintiff timely filed this lawsuit consistent with the Plaintiff and Defendant having entered into a tolling agreement, extending the time to file the lawsuit until August 4, 2021. Further, Bibbus requested his right to file civil action notice from the TWCCRD.

## VII.   <u>DEMAND FOR JURY TRIAL</u>

53.     Bibbus respectfully demands a trial by jury of all claims and issues in this cause.

## <u>PRAYER</u>

**WHEREFORE**, Plaintiff prays that this court advance this cause on the docket, order a speedy hearing at the earliest practicable date and cause this case in every way to be expedited and upon such hearing to:

i.      Grant Plaintiff a preliminary and permanent injunction enjoining Defendant and its agents and employees from continuing to discriminate against Plaintiff and other similarly situated persons because of their disability or otherwise deprive Plaintiff of his rights and privileges secured by state and federal law;

ii.     Grant Plaintiff a declaratory judgment, that the practices, policies, customs and usages complained of  herein are violative of his rights as protected by the ADA and TCHRA;

iii.    Order the Defendant to grant Plaintiff additional equitable relief, requiring said Defendant to engage in any affirmative action as is authorized by the ADA and TCHRA and deemed necessary to remedy the discrimination alleged herein;

iv.     Enter a monetary judgment, including actual, compensatory and punitive damages, on Plaintiff's behalf against Defendant pursuant to the ADA and TCHRA;

v.      Enter an award against Defendant for back pay; including all accrued interest, insurance benefits, pension benefits, vacation benefits, sick leave, and other incidental benefits that attach to and were incidental to Plaintiff's employment with Defendant;

vi.     Enter an order compelling Defendant to reinstate Plaintiff in the position for which he was qualified prior to his termination, or enter an order awarding front pay to the Plaintiff in lieu of reinstatement at that position, if such reinstatement is not feasible;

vii.    Enter an order granting such further relief to which Plaintiff may show himself justly entitled consistent with the purposes of the ADA and TCHRA, including attorneys' fees, costs and pre- and post-judgment interest; and

viii.   Such other and further relief to which Plaintiff may be justly entitled.


Respectfully submitted,

BOHORQUEZ HOEFKER, PLLC


By:     _____

        Elizabeth Bohorquez
        State Bar No. 00790328
        2401 Fountainview Dr., Ste. 801
        Houston, Texas 77057
        Tel. (713) 812-8787
        Fax (281) 652-5758
        ebohorquez@bhlawtx.com

        **ATTORNEYS FOR PLAINTIFF**
        **WILLIAM G. BIBBUS JR.**

## CERTIFICATE OF CONFERENCE

On April 8, 2022, Attorney Cristina Guerrero advised the undersigned counsel that she is not opposed to the filing of Plaintiff's First Amended Complaint.

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2022, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means

*/s/ Elizabeth Bohorquez*
**Elizabeth Bohorquez**

**Laura E. De Santos**
Attorney At Law
1900 West Loop South, Suite 1000
Houston, Texas 77027

**Cristina Guerrero**
Attorney At Law
1900 West Loop South, Suite 1000
Houston, Texas 77027

**ATTORNEYS FOR DEFENDANT**