IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM G. BIBBUS, JR., | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. 4:21-cv-03324 |
| | § | |
| v. | § | |
| | § | |
| SKYWEST AIRLINES, INC. | § | |
| | § | |
| *Defendant.* | § | |

---

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

## TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................1

II. SUMMARY OF THE ARGUMENTS ....................................................................2

    A. Disparate Treatment Disability Discrimination...........................................2

    B. Failure to Accommodate Disability Discrimination ...................................2

    C. Retaliation...................................................................................................3

III. SUMMARY JUDGMENT STANDARD ................................................................3

IV. SUMMARY JUDGMENT EVIDENCE.................................................................3

V. STATEMENT OF THE ISSUES...........................................................................4

    A. Disparate Treatment Disability Discrimination...........................................4

    B. Failure to Accommodate Disability Discrimination ...................................4

    C. Retaliation...................................................................................................4

VI. FACTUAL AND PROCEDURAL BACKGROUND...............................................5

    Plaintiff's Golden Ticket ....................................................................................5

    Incident with United Airlines Supervisor ...........................................................5

    Plaintiff is Not a Sheep .....................................................................................6

    SkyWest Tries to Push the Pause Button .........................................................7

    Plaintiff's Conduct Warranted Termination .......................................................8

VII. ARGUMENTS AND AUTHORITIES ...................................................................9

    A. SkyWest is Entitled to Summary Judgment on Plaintiff's Disparate Treatment Claim ........................................................................................9

        1. Plaintiff cannot establish a "disability" under the ADA or TCHRA. ..............9

            a. Plaintiff's asthma is not a "disability" under the ADA or TCHRA... 10

            b. Plaintiff has no record of impairment. ........................................... 11

            c. Plaintiff was not regarded as disabled. ......................................... 12

2.   Plaintiff was not qualified and able to perform the essential functions of his job. ........................................................................................... 12

    a.   Plaintiff could not comply with a valid safety requirement for his position. .......................................................................................... 13

    b.   In the alternative, Plaintiff is not a qualified individual because he rejected SkyWest's leave accommodation. ................................... 14

3.   Plaintiff was terminated for insubordination, not his asthma. ................. 14

4.   Plaintiff's Termination was Not Pretextual. ............................................... 16

B.   SkyWest is Entitled to Summary Judgment on Plaintiff's Failure to Accommodate Claim ............................................................................................ 17

1.   Plaintiff did not exhaust his administrative remedies. ............................ 17

2.   Alternatively, Plaintiff's failure to accommodate claim fails as a matter of law because Plaintiff cannot establish the essential elements of this claim. ........................................................................................................ 18

    a.   SkyWest offered Plaintiff a reasonable accommodation. ............. 18

C.   SkyWest is Entitled to Summary Judgment on Plaintiff's Retaliation Claim ........ 19

VIII.   CONCLUSION ........................................................................................................ 21

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarado v. ValCap Grp.,*
2022 WL 953331 (N.D. Tex. Mar. 30, 2022) .......................................................... 12

*Austgen v. Allied Barton Sec. Services, L.L.C.,*
815 Fed. Appx. 772 (5th Cir. 2020) ...................................................................... 13

*Belmear v. Mary Kay Inc.,*
2000 WL 127282 (N.D. Tex. Feb. 3, 2000) ............................................................. 17

*Burch v. Coca-Cola, Co.,*
119 F.3d (5th Cir. 1997) ...............................................................................10, 11

*Dewan v. M-I, L.L.C.,*
858 F.3d 331 (5th Cir. 2017) ..................................................................................3

*EEOC v. La. Office of Cmty. Servs.,*
47 F.3d 1438 (5th Cir. 1995) .............................................................................. 16

*Feist v. Louisiana,*
730 F.3d 450 (5th Cir.2013) .............................................................................. 17

*Green v. Medco Health Sols. of Tex., L.L.C.,*
560 Fed. Appx. 398 (5th Cir. 2014) ...................................................................... 14

*Green v. Medco Health Sols. of Tex., LLC,*
947 F. Supp. 2d 712 (N.D. Tex. 2013).................................................................... 14

*Hagood v. Cnty. of El Paso,*
408 S.W.3d 515 (Tex. App.—El Paso 2013, no pet.) ..........................................13, 14

*Hamar*, 211 F. App'x at 310 .............................................................................. 17

*Hamilton v. Sw. Bell Tel. Co.,*
136 F.3d 1047 (5th Cir. 1998)............................................................................. 14

*Holmes v. Gen. Dynamics Mission Sys., Inc.,*
835 Fed. Appx. 688 (4th Cir. 2020) ..................................................................12, 13

*Jurach v. Safety Vision, LLC,*
72 F. Supp. 3d 698 (S.D. Tex. 1014)......................................................................9

*In re La. Crawfish Producers,*
852 F.3d 456 (5th Cir. 2017) ...............................................................................3

*Loulseged v. Akzo Nobel Inc.*,
   178 F.3d 731 (5th Cir. 1999) ................................................................ 18

*Mora v. Univ. of Tex. Sw. Med. Ctr.*,
   469 Fed. Appx. 295 (5th Cir. 2012) ................................................... 10

*Moss v. Harris Cty. Constable Precinct One*,
   851 F.3d 413 (5th Cir. 2017) ........................................................13, 18

*Mueck v. LaGrange Acquisitions, L.P.*,
   2022 WL No. SA-20-CV-00801-JKP, 2022 WL 36002 (W.D. Tex. Jan. 3, 2022) ...........10, 11

*Nash v. City of Houston, Tex.*,
   No. H-4:09-CV-1010, 2011 WL 13253442 (S.D. Tex. May 6, 2011).................................. 17

*Neely v. PSEG Tex., Ltd. P'ship*,
   735 F.3d 242 (5th Cir. 2013) ...................................................................9

*Price v. Fed. Exp. Corp.*,
   283 F.3d 715 (5th Cir. 2002) ................................................................ 15

*Roberson-King v. State of La. Workforce Comm'n*,
   904 F.3d 377 (5th Cir. 2018) ................................................................ 16

*Seaman v. CSPH*,
   179 F.3d 297 (5th Cir. 1999) ................................................................ 19

*Shepard v. United Parcel Serv., Inc.*,
   470 F. App'x 726 (11th Cir. 2012)............................................................ 18

*Sherrod v. American Airlines, Inc.*,
   132 F.3d 1112 (5th Cir.1998)................................................................ 11

*Tabatchnik v. Continental Airlines*,
   262 Fed. Appx. 674 (5th Cir. Jan. 30, 2008) ............................................ 19

*Tex. Dep't of State Health Services v. Resendiz*,
   642 S.W.3d 163 (Tex. App.—El Paso 2021, no pet.) ............................................ 20

*Tex. Dep't of State Health Servs. v. Rockwood*,
   468 S.W.3d 147 (Tex. App. 2015)............................................................ 17

*Texas Dep't of Transp. v. Lara*,
   625 S.W.3d 46 (Tex. 2021)................................................................ 19

*Willi v. Am. Airlines, Inc.*,
   288 Fed.Appx. 126 (5th Cir.2008) ...........................................................9

*Windhauser v. Bd. of Supervisors*,
   360 F. App'x 562 (5th Cir. 2010)............................................................ 16

## Statutes

42 U.S.C. § 2000e-5(e)-(f) ............................................................................................ 16

42 U.S.C. § 12102(2) ...................................................................................................... 9

42 U.S.C. § 12102(3)(A) ................................................................................................ 11

42 U.S.C. § 12102(3)(B) ................................................................................................ 11

42 U.S.C. § 12111(8) ...................................................................................................... 12

42 U.S.C. § 12112(a) ...................................................................................................... 17

42 U.S.C. § 12112(b)(5)(A) ............................................................................................ 17

Americans with Disabilities Act ("ADA") ....................................................................*passim*

Tex. Lab. Code Ann. § 21.002(6) .................................................................................... 9

Tex. Lab. Code Ann. §§ 21.201–.202 ............................................................................ 16

Tex. Lab. Code Chapt. 21 ("TCHRA") ..........................................................................*passim*

## Regulations

29 C.F.R. § 1630.2(k) ...................................................................................................... 11

29 C.F.R. § 1630.9(d) ................................................................................................13, 14

Executive Order No. GA-29 (2020) ...........................................................................3, 5, 6

## Rules

Fed. R. Civ. P. 56(a) ........................................................................................................ 3

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant SkyWest Airlines, Inc., files this Motion for Summary Judgment, and for same will show the Court as follows:

## I.     INTRODUCTION

This is a disability discrimination case set in the early months of the COVID-19 pandemic from March 2020 – November 2020.  When reviewing the facts of this case, we must recall that time was one of great uncertainty and rapid change around the world.  There was no vaccine, no approved treatment, and no cure. At that time, public health experts strongly recommended wearing face coverings to mitigate the spread of the coronavirus and to save lives. In Texas, there was also significant controversy surrounding the use of masks as a subset of the population actively opposed mask mandates. Employers struggled to keep up with the ever-evolving situation, implementing a range of measures to try to contain the spread of the virus, including mask wearing mandates.

Consistent with public health guidance, SkyWest Airlines ("SkyWest") adopted practices that required all its employees to wear face coverings.  These practices were a legitimate safety requirement that applied to all employees - whether or not they had a disability - and were designed to reduce the risk of transmission of COVID-19.  Plaintiff, an asthmatic, worked as an airplane mechanic for SkyWest at George Bush Intercontinental Airport ("IAH").  Plaintiff followed SkyWest mask wearing directives for four months, from March 2020 – June 2020, without raising any issues.  Then, in July 2020, Texas Governor, Gregg Abbott, issued an executive order instituting a statewide mask mandate, requiring people to wear a face covering in public, but exempting any person with a medical condition or disability that prevents wearing a face covering.

After reading Governor Abbott's order, Plaintiff unilaterally declared himself automatically

exempt from any mask requirements because of his asthma. Plaintiff came to this determination despite no medical provider ever declaring that Plaintiff was prevented from wearing a face covering due to his asthma.  Nevertheless, relying on his self-proclaimed exemption and his mistaken belief that Governor Abbott's executive order trumped all other mask wearing polices, Plaintiff grew noticeably inconsistent with following IAH and SkyWest's mask requirements. However, when SkyWest tried to inquire about Plaintiff's inconsistent mask wearing and his potential need for a medical accommodation, Plaintiff was defiant.  Plaintiff's insubordination got to the point that he had to eventually be escorted from the airport premises by airport police. SkyWest's senior management ultimately determined that Plaintiff's misconduct toward his supervisor and other airport personnel warranted his termination.

To be clear, Plaintiff has no document from any doctor saying he should not wear a mask, and he admits to the conduct that forms the basis of his termination. Despite these glaring contradictions, Plaintiff claims SkyWest failed to accommodate his alleged disability and claims he was retaliated against and terminated from his employment due to his alleged disability in violation of the Americans with Disabilities Act ("ADA") and the Chapter 21 of the Texas Labor Code (commonly referred to as the "TCHRA"). SkyWest moves for summary judgment on all Plaintiff's claims.

## II.    SUMMARY OF THE ARGUMENTS

### A.    Disparate Treatment Disability Discrimination

SkyWest is entitled to summary judgment because Plaintiff cannot establish the prima facie elements to show he suffers from a "disability" or that he is "qualified" under the ADA or TCHRA. Alternatively, Plaintiff cannot establish a causal nexus between his termination and his alleged disability, or that SkyWest's legitimate, non-discriminatory reason for terminating Plaintiff is pretextual.

### B.    Failure to Accommodate Disability Discrimination

SkyWest is entitled to summary judgment because Plaintiff cannot establish the prima facie elements to show he suffers from a "disability" or that he is "qualified" under the ADA or

TCHRA. Alternatively, cannot show that SkyWest failed to accommodate him.

**C.    Retaliation**

SkyWest is entitled to summary judgment because Plaintiff cannot establish the prima facie elements to show he engaged in "protected activity" under the ADA or TCHRA. Alternatively, Plaintiff cannot establish a causal nexus between his termination and his alleged disability, or that SkyWest's legitimate, non-discriminatory reason for terminating Plaintiff is pretextual.

### III.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Only when there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party is a full trial on the merits warranted." *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017). But where the movant bears the burden of proof at trial, the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor. Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial." *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 334 (5th Cir. 2017) "All reasonable inferences must be viewed in the light most favorable to the party opposing summary judgment, and any doubt must be resolved in favor of the non-moving party." *Id*. at 462.

### IV.    SUMMARY JUDGMENT EVIDENCE

Exhibit 1 – Deposition of Plaintiff William Bibbus, December 15, 2022

Exhibit 2 – Gov. Abbott's Executive Order, GA-29 [SWA 448-452]

Exhibit 3 – SkyWest Ethics Point Case, 10/14/2020 [SWA 441-447 and 762-765]

Exhibit 4 – Deposition of SkyWest's Corporate Representative Kelly Dehais, 2/23/2023

Exhibit 5 – Deposition of Reginald Teague, 2/22/2023

Exhibit 6 – SkyWest Mask Training Completion [SWA 521]

Exhibit 7 – SkyWest Ethics Point Case, 10/22/2020 [SWA 472-480]

Exhibit 8 -  Deposition of Brandon Miller

Exhibit 9 – Email exchange between Bibbus and Kelly Dehais [SWA 375-383]

Exhibit 10 – Notice of Administrative Leave [SWA 477]

Exhibit 11 – Plaintiff's Responses to Defendant's Requests for Admission

Exhibit 12 – Appeal Hearing Documents [SWA 524-525]

Exhibit 13 – Appeal Hearing Transcript [SWA 544-599]

Exhibit 14 – Charge of Discrimination [SWA 501-502]

Exhibit 15 – EEOC, Applying Performance and Conduct Standards to Employees with Disabilities (Sept. 3, 2008), https://www.eeoc.gov/laws/guidance/applying-performance-and-conduct-standards-employees-disabilities

Exhibit 16 – SkyWest Corrective Action Policy [SWA 154-156]

Exhibit 17 – Plaintiff's 10/26/2020 Statement Following Termination [SWA 378]

Exhibit 18 – Accommodation Forms [WBJ-66-070]

Exhibit 19 – SkyWest Mask Practices [SWA 526-532, 600-601]

## V.    STATEMENT OF THE ISSUES

**A.    Disparate Treatment Disability Discrimination**

1. Whether Plaintiff meets the definition of "disability" under the ADA or TCHRA.

2. Whether Plaintiff meets the definition of "qualified" under the ADA or TCHRA.

3. Whether a causal nexus exists between Plaintiff's termination and alleged disability.

4. Whether SkyWest's reason for Plaintiff's termination is pretextual.

**B.    Failure to Accommodate Disability Discrimination**

1. Whether Plaintiff meets the definition of "disability" under the ADA or TCHRA.

2. Whether Plaintiff meets the definition of "qualified" under the ADA or TCHRA.

3. Whether a SkyWest failed to accommodate Plaintiff.

4. Whether SkyWest's reason for Plaintiff's termination is pretextual.

**C.    Retaliation**

1. Whether Plaintiff engaged in "protected activity" under the ADA or TCHRA.

2. Whether a causal nexus exists between Plaintiff's termination and alleged disability.

3. Whether SkyWest's reason for Plaintiff's termination is pretextual.

## VI.   FACTUAL AND PROCEDURAL BACKGROUND

### Plaintiff's Golden Ticket

Plaintiff worked for SkyWest as an airline mechanic at IAH in Houston, Texas. Plaintiff followed SkyWest mask wearing directives for four months, from March 2020 until June 2020, without issue.  However, on July 2, 2020, Texas Governor Greg Abbot issued an executive order ("EO-GA-29"), regarding the use of face coverings. Ex. 2. Executive Order GA-29, among other things, mandated that all persons must wear face coverings when inside or when it was not feasible to maintain six feet of social distancing. *Id.* at SWA 000450 ¶2.  It also indicated that this requirement did not apply to, among other categories, "any person with a medical condition or disability that prevents wearing a face covering." *Id.*

When Plaintiff learned that EO-GA-29 allowed for medical exemptions, he believed he was now ***automatically*** exempt from wearing a face covering to work at IAH because he had asthma. At work, Plaintiff walked around with a copy of EO-GA-2 in his pocket like it was a golden ticket exempting him from wearing a mask, ready to brandish it at anyone who dare challenge him for not wearing a mask while at IAH. Ex. 1 at 251:13 – 252:9. One such incident occurred on October 14, 2020.

### Incident with United Airlines Supervisor

On October 14, 2020, while Plaintiff was walking through the airport on his way to work, he was stopped by a United Airlines ("UA") supervisor because he was not wearing a mask. Ex. 3; Ex. 1 at 143:8-11. Plaintiff and the UA supervisor had a heated exchange wherein Plaintiff told the UA supervisor he was exempt from wearing a mask because of medical exemptions, and he told the UA supervisor, "maybe you should read the rules before trying to enforce them". Ex. 3; Ex. 1 at 143:25 - 146:17, 151:3-7, 152:11-154:21. The UA supervisor escalated this incident to UA's Director of Compliance and Safety, who reached out to SkyWest's Director of Safety, who

also notified SkyWest's Vice President, and other members of SkyWest's upper management. Ex. 4 at 75:20-25. UA is SkyWest's biggest customer and it requires SkyWest to follow its directives, thus, any such negative report from UA regarding a SkyWest employee is extremely significant. So significant, in fact, that Plaintiff's supervisor, Reginald Teague, was on his way home from work, and SkyWest asked him to return to IAH and immediately address the incident with Plaintiff.  Ex. 5 at 132:2-8.

### Plaintiff is Not a Sheep

When Teague returned to IAH, he spoke with Plaintiff and required that Plaintiff undergo computer-based mask training. During the meeting, Teague explained that Plaintiff needed to wear a mask. Ex. 7 at SWA 000479-80; Ex. 5 at 133:1-5.  Plaintiff responded by calling Teague a sheep and describing himself as a wolf that did not have to comply with wearing a mask. Ex. 5 at 133:1-10; Ex. 1 at 155:10-16; Ex. 7 at SWA 000479-8.  Teague further explained to Plaintiff that if Plaintiff was unable to wear a mask, going forward, he needed to provide medical documentation in support of his request to SkyWest's HR department.  Ex. 5 at 107:16-21; Ex. 7 at SWA 000479-8.  Plaintiff told Teague that he is "not required to provide" medical documentation. Ex. 1 at SWA 000764. Teague clarified that if Plaintiff decided he did not want to wear a mask, he would be placed on administrative leave until such time as he provided supporting medical documentation to SkyWest's HR department Ex. 5 at 107:16-21; Ex. 7 at SWA 000479-8. At the conclusion of the meeting, Plaintiff agreed to wear a mask at work. *Id.* However, when Plaintiff left the meeting, he went on to discuss his exemption under GA-29 with his co-workers. Ex. 5*d.* at. 135:9 – 137:6. Overhearing Plaintiff discussing EO-GA-29, Teague asked Plaintiff for additional information. *Id.* Plaintiff refused to show Teague a copy of the order, telling Teague it is was none of his business. *Id.* at. 137:6. Plaintiff completed mask training that evening on October 14, 2020. Ex. 6.  Plaintiff acknowledged that after mask training, he knew it

was SkyWest's policy that he had to wear a mask anytime he was within 6-feet of another person. Ex. 1 at 157:8-14.

### SkyWest Tries to Push the Pause Button

After the meeting with Teague, Plaintiff seemed to comply with the mask requirements for a couple of days, however, Teague witnessed Plaintiff without a mask on a couple of occasions. Ex. 5 at 138:5-11. On October 20, 2020, Teague ventured to place Plaintiff on administrative leave. The administrative leave was supposed to serve as a pause button to allow SkyWest to assess Plaintiff's need for an accommodation. Ex. 4 at 71:21 – 72:8; Ex. 5 at 102:15-20. The Notice of Administrative Leave explained that the reason for the leave was because Plaintiff stated he had a medical condition exempting him from wearing a mask, so he needed to contact SkyWest's employee relations for further instructions. Ex. 10. The Notice also advised Plaintiff to provide HR with required documents as soon as possible. Ex. 10. Unfortunately, this accommodating measure was vehemently refused by Plaintiff.

When Teague called Plaintiff to his office to place him on administrative leave, Plaintiff instantly got defensive believing he was receiving corrective discipline for not wearing a mask, which was not the case.  SkyWest does not consider administrative leave as a corrective action. Ex. 4 at 65:10- 66:9. SkyWest routinely uses administrative leave when a safety conflict arises, in order assess the employee's disability and engage in the interactive process without continuing to violate safety rules.  Teague tried to explain to Plaintiff that this was not a corrective action meeting and that he was being placed on administrative leave to allow him to provide his medical documentation. Ex. 10.

As was standard practice when employees are placed on leave, Teague requested that Plaintiff relinquish his work badges, which give him unfettered and unsupervised access to secure areas of the airport. Ex. 5 at 109:2; Ex. 6 at 74:4-9. Plaintiff refused to relinquish his

badges to Teague. Ex. 11; Ex. 5 at 54:18-21, 84:2-3, 86:23-25; 88:23 – 89:1. Refusal of a supervisor's request for an employee's work badges is a serious infraction of insubordination, warranting immediate termination.  Ex. 5 at 68:21-22, 88:2-13; Ex. 8 at 144:18 -145:12 Plaintiff was so adamant in his refusal to be placed on administrative leave and relinquish his badges that Teague was forced to contact the airport operations and the Houston Police for assistance. Ex. 5 at 95:22 – 96:1.

When officers from airport operations and the Houston Police Department arrived, they spoke with Plaintiff and explained – as Teague already had – that Plaintiff needed to provide the documentation he believed supported his exemption to his employer, SkyWest. Ex. 1 191:5 – 192:1; Ex. 5 at 142:6-19.  Plaintiff eventually agreed to give his badges to the airport authorities and was escorted off the airport premises by police. Ex. 1 at 191:5 – 192:1; Ex. 5 at 142:6-19.

### Plaintiff's Conduct Warranted Termination

SkyWest's senior management reviewed the issue of Plaintiff having to be removed from the airport by airport police because he refused to comply with his supervisor's request to relinquish his work badges, coupled with the reportedly rude interaction with the UA supervisor, and ultimately determined Plaintiff's conduct warranted termination. Ex. 4 at 7:6-8, 69:2-6, 78:3 – 80:1; 136:19-24; Ex. 8 at 146:1 – 150:8  Plaintiff was notified of his termination from employment on November 9, 2020. Ex. 1 at 184:16. Plaintiff appealed his termination through SkyWest's internal process known as a "Review Board." Ex. 12.  To form the Board, Plaintiff's labor organization ("SAMA") selects two mechanics and management selects two managers who were not involved in the termination.  Plaintiff can object to any of these four members and the Board is only constituted once Plaintiff is satisfied with the Board. Ex. 12. The Board considered testimonial information from Plaintiff, and testimonial information from the terminating manager, Brandon Miller. Ex. 13. The panel ultimately upheld Plaintiff's termination as valid due

to his misconduct. Ex. 1 at 125:23-25.

## VII.    ARGUMENTS AND AUTHORITIES

### A.    SkyWest is Entitled to Summary Judgment on Plaintiff's Disparate Treatment Claim

SkyWest is entitled to summary judgment on Plaintiff's claim that SkyWest discriminated against him by his termination because Plaintiff cannot establish any of the necessary elements of his disparate treatment discrimination claim, and cannot overcome SkyWest's legitimate, non-discriminatory basis for his termination.

"Because the ADA and TCHRA are very similar, Texas courts and [the Fifth Circuit] focus on federal precedent regarding the ADA in interpreting the TCHRA." *Willi v. Am. Airlines, Inc.*, 288 Fed.Appx. 126, 127 n. 2 (5th Cir.2008); *Jurach v. Safety Vision, LLC*, 72 F. Supp. 3d 698, 709 (S.D. Tex. 1014), aff'd, 642 Fed. Appx. 313 (5th Cir. 2016).  To establish a prima facie case of disability discrimination under either statute, a plaintiff must show that: (1) he had a disability within the meaning of the ADA/TCHRA, (2) he was qualified and able to perform the essential functions of his job, and (3) he suffered an adverse employment action because of his disability. *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 245 (5th Cir. 2013). If Plaintiff makes such a showing, a presumption of discrimination arises, and SkyWest must articulate a legitimate, non-discriminatory reason for Plaintiff's termination. *Id.*  Once SkyWest articulates such a basis, the burden then shifts back to Plaintiff to produce evidence from which a jury could conclude that SkyWest's stated reason for his termination was really pretext for unlawful discrimination. *See id.* at 245.

### 1.    Plaintiff cannot establish a "disability" under the ADA or TCHRA.

Under the ADA and the TCHRA, "disability" means: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C.A. § 12102(2);

TEX. LAB. CODE ANN. § 21.002(6).  Plaintiff can offer no evidence to establish any of these definitions of "disability" under the TCHRA and ADA.

### a.      Plaintiff's asthma is not a "disability" under the ADA or TCHRA.

Plaintiff's First Amended Complaint [ECF Doc. No. 6] does not designate the major life activity upon which he relies, stating only that Plaintiff's asthma substantially limits "one or more major life activities." *See* Pl.'s 1st Am. Compl. [ECF Doc. No. 6] ¶ 31, 42.  This vague and non-specific designation of "one or more major life activities" is insufficient to establish a disability to support a cause of action of discrimination under the ADA. *See Mora v. Univ. of Tex. Sw. Med. Ctr.*, 469 Fed. Appx. 295, 297 (5th Cir. 2012); *Mueck v. LaGrange Acquisitions, L.P.*, 2022 WL No. SA-20-CV-00801-JKP, 2022 WL 36002, at *5 (W.D. Tex. Jan. 3, 2022).  For this reason, alone, summary judgment in favor of SkyWest on this cause of action is appropriate. *See Mueck*, 2022 WL 36002, at *5 (noting summary judgment is appropriate).

Even if the Court considers Plaintiff's deposition testimony, Plaintiff cannot establish an actual "disability" because he cannot show his asthma created an impairment that is substantially limiting.  Not all asthma is the same, of course, and it develops differently in each person.  Mild asthma has a minor impact on daily life and an inhaler may be used to control infrequent symptoms, while severe asthma is marked by myriad factors that trigger frequent asthma attacks, requiring rescue inhalers and oral corticosteroids. To prove asthma to be a disability under the ADA and the TCHRA, Plaintiff must establish the alleged impairment created by his asthma substantially limits one or more major life activities. *See Burch*, 119 F.3d at 317. With all alleged disabilities, including asthma, permanency, not frequency, is the touchstone of determination of the issue whether the plaintiff displays a substantially-limiting impairment. *Burch*, 119 F.3d at 316. Here, although Plaintiff's asthma may be a permanent condition, Plaintiff can offer no evidence that he suffered from any substantially limiting impairment of any

significant duration.

In this regard, Plaintiff's asthma comes and goes and does not constantly affect him. Plaintiff is only affected when he is engaged in strenuous activity, such as walking through the house carrying laundry (Ex. 1, 27:2-4), and doing strenuous activities on hot humid days, mowing the lawn in the backyard with a push mower (Ex, 1, 127:15 -128:2); picking up things and moving things around (Ex.1, 74:25); running (Ex. 1, 75:1); and walking too fast depending on how humid it is and the air quality (Pl's Dep. 75:2-4). Furthermore, Plaintiff can resolve the symptoms of his asthma quickly with an inhaler. Ex. 1 at 129:10-13 (asthma control to acceptable degree), 81:24 – 82:11 (inhaler use always stops asthma episodes). These impairments created by Plaintiff's asthma are not substantially limiting to constitute a disability because they are short-term and not permanent. *See Burch*, 119 F.3d at 316 & n. 9 (temporary, periodic impairments are insufficient to establish a substantially limiting impairment under the ADA). Therefore, Plaintiff's asthma does not constitute a disability as anticipated by the ADA or the TCHRA. *See Mueck*, 2022 WL 36002, at *6 (even under the 2008 Amendments, temporary nature of impairments not sufficient to establish disability). Accordingly, Plaintiff's disparate treatment claim fails as a matter of law.

### b. Plaintiff has no record of impairment.

Plaintiff also claims that he is disabled because he has a "record of such impairment." *See* Pl.'s 1st Am. Compl. [ECF Doc. No. 6] ¶ 31, 42. To make out a claim for discrimination based on having a record of an impairment, Plaintiff must show that at some time in the past, he was classified or misclassified as having a mental or physical impairment that substantially limited at least one major life activity. *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1120–21 (5th Cir.1998); 29 C.F.R. Pt. 1630, app. § 1630.2(k). Plaintiff has not, and cannot, offer any records showing that his suffered from a mental or physical impairment that substantially limited at least

one major life activity. In fact, Plaintiff admitted during his deposition that he has no document from any doctor saying he should not wear a mask. *See* Pl.'s 1st Am. Compl. ¶¶ 31, 42; Ex. 1 at 166:13-15.  Thus, Plaintiff cannot satisfy the requirement of a record of an impairment.

> c.  **Plaintiff was not regarded as disabled.**

An individual is "regarded as" disabled when he is perceived as having a physical or mental impairment, regardless of whether the impairment actually limits or is perceived to limit a major life activity. 42 U.S.C. § 12102(3)(A). An individual cannot be "regarded as having such an impairment," however, if the impairment is "transitory and minor." 42 U.S.C. § 12102(3)(B). Transitory means "an actual or expected duration of 6 months or less." *Id.* Because "minor" is not statutorily defined, "courts determine whether an impairment is minor on a case-by-case basis considering factors such as symptoms, severity, the treatment required, the risk involved, and any surgical intervention anticipated or necessary." *Alvarado v. ValCap Grp.*, 2022 WL 953331, at \*4 (N.D. Tex. Mar. 30, 2022) (citations omitted).

Here, as stated above, any impairment created by Plaintiff's asthma is transitory and minor, resolved by Plaintiff's use of his inhaler. Ex. 1 at 129:10-13, 81:24 – 82:11.  Even if the Court does not consider Plaintiff's asthma transitory and minor, Plaintiff nevertheless cannot show that anyone at SkyWest perceived Plaintiff as having a physical or mental impairment due to his asthma. Accordingly, Plaintiff cannot establish a "disability" under this, or any other definition under the ADA and TCHRA.

> 2.  **Plaintiff was not qualified and able to perform the essential functions of his job.**

Under the second element of Plaintiff's *prima facie* disparate treatment discrimination claim, Plaintiff must demonstrate that he is a "qualified" individual.  A qualified individual is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds." 42 U.S.C. § 12111(8). Plaintiff cannot meet

the ADA or the TCHRA's definition of a "qualified individual" for two reasons: (1) he could not comply with a valid safety requirement for his position, and (2) he refused the reasonable accommodation of leave SkyWest initially offered him.

> **a.** **Plaintiff could not comply with a valid safety requirement for his position.**

The ADA does not mandate that a safety requirement be a part of the essential functions of a position for an employer to enforce it. *Holmes v. Gen. Dynamics Mission Sys., Inc.*, 835 Fed. Appx. 688, 691–92 (4th Cir. 2020).  Rather, as long as the requirement is valid, any employee who is categorically unable to comply — as Plaintiff maintains here — will "not be considered [a] 'qualified'" individual for ADA purposes. *See* Ex. 15 ("Employers may require employees to wear certain articles of clothing to protect themselves, coworkers, or the public."); *Holmes*, 835 Fed. Appx. at 691–92; Ex. 19.

As the U.S. Equal Employment Opportunity Commission ("EEOC") has explained, "[i]f an individual with a disability cannot comply with a dress code," including a requirement that employees wear safety equipment, that individual will not be qualified for ADA purposes. Ex. 15. SkyWest's mask wearing rules were valid safety measures in accordance with the Center for Disease Control's guidance, aimed at reducing the spread of the COVID-19 virus at time when there was no vaccine, no approved treatment, and no cure. Ex. 19. Plaintiff sought to be exempt from this requirement, which rendered him not a qualified individual for purposes of the ADA and TCHRA. Ex. 1 at 134:8-16; 148:19-24; 149:17-21; 262:15-19.  An exemption from an admittedly valid safety requirement does not represent a reasonable accommodation because it cannot be squared with an employer's right to "require compliance" with such safety rule even when an employee cannot meet the requirement because of a disability. See Ex. 15 at F., Example 45; *Holmes*, 835 Fed. Appx. at 692.  Because Plaintiff cannot establish that his is a qualified individual, Plaintiff cannot satisfy the second *prima facie* element of his discrimination claim,

entitling SkyWest to summary judgment on this claim.

> **b. In the alternative, Plaintiff is not a qualified individual because he rejected SkyWest's leave accommodation.**

An employee is not required to accept an offered accommodation, however, if he rejects a reasonable accommodation, the individual will no longer be considered a qualified individual with a disability. *Hagood v. Cnty. of El Paso*, 408 S.W.3d 515, 525–26 (Tex. App.—El Paso 2013, no pet.); 29 C.F.R. § 1630.9(d). It is well-settled that paid or unpaid leave as a temporary measure while awaiting doctor's recommendations is a reasonable accommodation. See Austgen v. Allied Barton Sec. Services, L.L.C., 815 Fed. Appx. 772, 775 (5th Cir. 2020) (unpaid leave while awaiting doctor's recommendations is a reasonable accommodation); *Moss v. Harris Cty. Constable Precinct One*, 851 F.3d 413, 418 (5th Cir. 2017) ("Time off, whether paid or unpaid, can be a reasonable accommodation").

It was not unusual for SkyWest to place employees on paid administrative leave while awaiting their doctor's recommendations. *See* Ex. 4 at 48:11-21. Here, SkyWest attempted to place Plaintiff on paid administrative, however, Plaintiff rejected this reasonable accommodation. *See* Ex. 11; Ex. 5 at 54:18-21, 84:2-3, 86:23-25; 88:23 – 89:1. Because Plaintiff rejected SkyWest's reasonable accommodation, he was no longer considered a qualified individual with a disability at the time of his termination. *See Hagood*, 408 S.W.3d at 525–26; 29 C.F.R. § 1630.9(d). Accordingly, Plaintiff cannot satisfy the second *prima facie* element of his disability discrimination claim.

> **3. Plaintiff was terminated for insubordination, not his asthma.**

"The ADA does not create an impenetrable barrier around a disabled employee, preventing an employer from taking any employment actions vis-à-vis the employee." *Green v. Medco Health Sols. of Tex., LLC*, 947 F. Supp. 2d 712, 729 (N.D. Tex. 2013), aff'd sub nom. *Green v. Medco Health Sols. of Tex., L.L.C.*, 560 Fed. Appx. 398 (5th Cir. 2014). "An employee

who is fired because of outbursts at work directed at fellow employees has no ADA claim." *Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1052 (5th Cir. 1998).

Here, Plaintiff's medical condition was not part of the conversation regarding his termination, only Plaintiff's insubordination and unprofessional behavior. Ex. 4 at 106:8-12. SkyWest's corrective action policy identifies insubordination as an infraction that can lead to termination, even in the first instance. Ex. 16 at SWA 000154, 156.  SkyWest's policy also identifies that activities that negatively impact the company or negatively impact the safety of others will also not be tolerated. *Id.* at SWA 000154.  As a SkyWest employee, Plaintiff was held accountable for his conduct that went against these polices.

Notably, Plaintiff admits that he failed to follow his supervisor's directive on October 20, 2020, when Teague asked for his work badges. Ex. 1 at 189:19 – 190:3, Ex. 11 at No. 42-43. Plaintiff's conduct was so combative that it required Teague to summon airport authorities to step in and eventually escort Plaintiff from the premises to protect the safety of SkyWest's employees and the operation. Ex. 1 at 191:5 – 192:1; Ex. 5 at 142:6-19; 95:22 – 96:1; Ex. 4 at 74:10-15. Plaintiff also admits he was engaged in a spirited encounter with a UA supervisor, which was reported to SkyWest's senior management. Ex. 1 at 152:12-24, 154:14-21, 249:19-20, 255:18-22, 257:15 – 258:9.  Given that UA is a major SkyWest business partner, receiving such a report regarding its employee negatively impacts SkyWest's reputation.  Ex. 4 at 75:7-16.

SkyWest reviewed the facts of these incidents, including Plaintiff's statement, and cited these incidents as the basis for firing Plaintiff when it ultimately determined that Plaintiff's actions were egregious enough to warrant termination. Ex. 17, Ex. 4 at 136:14-34, 66:13-22, 107:17-19, 113:10-24. Accordingly, because Plaintiff cannot show that his termination was due to anything other than his workplace misconduct, Plaintiff cannot establish the third *prima facie* element of his discrimination claim.  Therefore, SkyWest is entitled to summary judgment on

Plaintiff's discrimination claim as a matter of law.

### 4.   Plaintiff's Termination was Not Pretextual.

Even if, in arguendo, Plaintiff could establish the necessary elements of his disability discrimination claim, Plaintiff claim still fails because Plaintiff cannot show the reasons for his termination were pretextual. As detailed above, SkyWest terminated Plaintiff due to his insubordination and unprofessional conduct. Thus, the burden shifts to Plaintiff to show that SkyWest's reasons were pretext for discrimination.  At the summary judgment stage, this means "the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002).  "In conducting a pretext analysis, the court does not 'engage in second-guessing of an employer's business decisions.'" *Roberson-King v. State of La. Workforce Comm'n*, 904 F.3d 377, 381 (5th Cir. 2018).  In addition, an employee's subjective belief that he has suffered discrimination is not sufficient to establish pretext. *See EEOC v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1448 (5th Cir. 1995) (a "subjective belief of discrimination ... cannot be the basis of judicial relief"). Here, Plaintiff can present no competent summary judgment evidence to establish that SkyWest's decision to terminate him—regardless of whether that decision was correct—was motivated by any unlawful discriminatory animus. That is, Plaintiff cannot show SkyWest's senior management and each member of the 4-member independent Review Board harbored discriminatory animus.  Because Plaintiff cannot establish that SkyWest's reasons for terminating his employment were pretextual, Plaintiff claim fails as a matter of law.

In sum, SkyWest is entitled to summary judgment on Plaintiff's disability discrimination claim because he cannot satisfy any of the essential elements of this claim.

**B.      SkyWest is Entitled to Summary Judgment on Plaintiff's Failure to Accommodate Claim**

Plaintiff's failure to accommodate claim suffers from many of the same fatal flaws as Plaintiff's disparate treatment discrimination claim.  As a threshold matter, Plaintiff's claim fails because Plaintiff did not exhaust his administrative remedies as to his failure to accommodate claim. Plaintiff's claim also fails because Plaintiff cannot establish any of the essential elements.

**1.      Plaintiff did not exhaust his administrative remedies.**

Under the ADA and TCHRA, a plaintiff must exhaust all administrative remedies as a prerequisite to filing suit. *See* Tex. Lab. Code Ann. §§ 21.201–.202; 42 U.S.C. § 2000e-5(e)-(f). Plaintiff's Charge does not raise a failure to accommodate claim. Ex. 14. Plaintiff's Charge focused only on Plaintiff's termination and alleges only a disparate treatment claim, which is distinct from a failure-to-accommodate claim. *Id.; Windhauser v. Bd. of Supervisors*, 360 F. App'x 562, 565 (5th Cir. 2010) ("A failure-to-accommodate claim under the ADA is distinct from a claim of disparate treatment."); *Hamar*, 211 F. App'x at 310 ("The two relevant claims, failure to accommodate and disparate treatment, represent distinct categories of disability discrimination under the ADA." (citing 42 U.S.C. §§ 12112(a), 12112(b)(5)(A). Further, the scope of Plaintiff's Charge is "too narrow to have exhausted a claim for failure to accommodate," and "the EEOC could not reasonably have been expected to investigate the entirely distinct failure-to-accommodate claim." *Hamar*, 211 F. App'x at 310; *Belmear v. Mary Kay Inc.*, 2000 WL 127282 (N.D. Tex. Feb. 3, 2000).

In *Nash v. City of Houston, Tex.*, No. H-4:09-CV-1010, 2011 WL 13253442, at *7 (S.D. Tex. May 6, 2011), the court granted the City of Houston's summary judgment where the plaintiff's charge of discrimination made no mention of a failure to accommodate claim, and focused only on the plaintiff's termination. Here, as the defendant in *Nash*, SkyWest is entitled to summary judgment on Plaintiff's failure-to-accommodate claim because Plaintiff's Charge

makes no mention of SkyWest's alleged failure to accommodate.  Therefore, Plaintiff failed to exhaust his administrative remedies concerning said claim.

### 2. Alternatively, Plaintiff's failure to accommodate claim fails as a matter of law because Plaintiff cannot establish the essential elements of this claim.

The ADA and Texas TCHRA's formulations of the failure-to-accommodate claim are substantially similar. *See Feist v. Louisiana*, 730 F.3d 450, 452 (5th Cir.2013); *see Tex. Dep't of State Health Servs. v. Rockwood*, 468 S.W.3d 147, 154–55 (Tex. App. 2015).  "The ADA and the Texas Labor Code both require that a plaintiff show: (1) he is a "qualified individual with a disability"; (2) the disability and its consequential limitations were "known" by SkyWest; and (3) SkyWest failed to make "reasonable accommodations" for such known limitations. *Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen*., 730 F.3d 450, 452 (5th Cir. 2013).

In this case, even if the Court finds that Plaintiff exhausted his administrative remedies as to his failure to accommodate claim, Plaintiff's claim nevertheless fails.  Applying the same analysis detailed above, Plaintiff cannot establish the first or second elements of a failure to accommodate claim because Plaintiff cannot establish a "disability" nor that he is a "qualified" individual under the ADA or TCHRA.  Additionally, Plaintiff's failure to accommodate claim fails because SkyWest offered Plaintiff a reasonable accommodation.

### a. SkyWest offered Plaintiff a reasonable accommodation.

Plaintiff cannot establish the third element of his failure to accommodate claim because SkyWest offered Plaintiff a reasonable accommodation. SkyWest engaged in the interactive process with Plaintiff on October 16, 2020, when HR Manager Kellie Dehais called and emailed Plaintiff to discuss and provide Plaintiff with the required medical documentation necessary for SkyWest to process his request for a medical accommodation. Ex. 4 at 64:21 – 65:6, 73:4-11, 74:19-21, 106:23 – 107:5, 109:1-24. 124:21-25, 144:12-20; Ex. 9; Ex. 18.  SkyWest also engaged in the interactive process when it tried to place Plaintiff on administrative leave until

such time as Plaintiff could provide SkyWest with the necessary medical documentation to assess his request for an accommodation. *Id*. Placing Plaintiff on temporary leave while awaiting his doctor's recommendations on his ability to work was a reasonable accommodation. *See Moss v. Harris Cty. Constable Precinct One*, 851 F.3d 413, 418 (5th Cir. 2017); *Shepard v. United Parcel Serv., Inc.*, 470 F. App'x 726, 732 (11th Cir. 2012).

Moreover, to the extent Plaintiff may argue that the administrative leave was not an accommodation, Plaintiff otherwise deprived SkyWest of the opportunity to off any other accommodation when Plaintiff engaged in insubordinate conduct that led to his termination. Courts have held that an employer cannot be found to have violated the ADA when responsibility for the breakdown of the "informal, interactive process" is traceable to the employee and not the employer. *See Loulseged v. Akzo Nobel Inc.,* 178 F.3d 731, 736 (5th Cir. 1999). Plaintiff's evasive tactics are further detailed in a grievance he submitted to SkyWest on October 14, 2020, wherein Plaintiff describes his supervisors asking him about his alleged medical condition and Plaintiff refusing to provide information because Plaintiff believed his supervisor was "not allowed to ask [for medical information] due to [an] equal opportunity violation" and telling his supervisor, "under the EEOC I am not required to give you medical documentation because **I am not asking for an accommodation**." Ex. 3 (emphasis added). Thus, Plaintiff cannot satisfy the third element of his failure to accommodate claim, and SkyWest is entitled to summary judgment.

**C.   SkyWest is Entitled to Summary Judgment on Plaintiff's Retaliation Claim**

A claim of unlawful retaliation under the ADA and TCHRA, requires a plaintiff to make a prima facie case by showing that: (1) he engaged in an activity protected by the ADA/TCHRA, (2) he suffered an adverse employment action, and (3) there is a causal connection between the protected act and the adverse action. *Seaman v. CSPH*, 179 F.3d 297, 301 (5th Cir. 1999), cited for that proposition in *Tabatchnik v. Continental Airlines,* 262 Fed. Appx. 674, 676 (5th Cir. Jan.

30, 2008); Texas Dep't of Transp. v. Lara, 625 S.W.3d 46, 58 (Tex. 2021). If the plaintiff succeeds, the employer must present a legitimate, non-discriminatory reason for the retaliatory adverse employment action. *Seaman*, 179 F.3d at 301. If the employer succeeds, the plaintiff must present sufficient evidence showing that the employer's proffered reason is a pretext for discrimination and that but for the protected activity, the adverse action would not have occurred. *Id.*

In this case, Plaintiff cannot show that he engaged in protected activity.  Plaintiff seems to base his retaliation claim on his grievance to SkyWest on October 14, 2020, wherein he describes his interaction with the UA supervisor as "harassment", "abuse of power," creating a "hostile work environment" and "issuing threats." Ex. 3 at SWA 764. Plaintiff's October 14th grievance also complains about his supervisors asking him for medical documentation and his refusal because he was "not asking for an accommodation". Ex. 3 at SWA 764. Plaintiff makes no complaints that he believed that he was being mistreated because of his asthma.  Even if Plaintiff would claim that his grievance was a request for an accommodation, his retaliation claim still fails because there is nothing to support that Plaintiff made the request to alert SkyWest of his belief that "disability discrimination was at issue" or in other words, that the accommodation request was made to oppose a discriminatory practice of that nature. *See Tex. Dep't of State Health Services v. Resendiz*, 642 S.W.3d 163, 182 (Tex. App.—El Paso 2021, no pet.).

Regardless of whether Plaintiff engaged in protected activity, Plaintiff cannot establish the causation element of his retaliation claim.  Applying the same causation analysis applied above, Plaintiff retaliation claim fails because he cannot show that "but for" his alleged protected activity, he would not have been terminated from his employment for being insubordinate to his supervisor and engaging in unprofessional conduct.  Moreover, for the same reasons detailed, Plaintiff cannot establish that SkyWest's reasons for terminating Plaintiff's employment were

pretextual.  Thus, SkyWest is entitled to summary judgment on Plaintiff's retaliation claim as a matter of law.

**VIII.    CONCLUSION**

Whether Plaintiff wore his mask or not, is not at issue in this case.  The issue is Plaintiff's evasiveness, insubordination, and unprofessional conduct. SkyWest had no problem with Plaintiff being unable to wear a mask. The issue was that any time Plaintiff was not wearing a mask and SkyWest inquired about it, Plaintiff would become antagonistic, stating that he did not have to provide medical documentation to support his exemption. Importantly, Plaintiff does not deny the actions that form the basis of his termination but expects SkyWest to gloss over his misconduct because of his asthma. However, neither the ADA nor the TCHRA insulate an employee from employee from adverse action taken by an employer because of misconduct in the workplace.  For all the foregoing reasons, SkyWest is entitled to summary judgment on all of Plaintiff's claims.

Respectfully submitted,

Gordon Rees Scully Mansukhani, LLP

By: _/s/   Cristina Guerrero_
      **Laura E. De Santos**
      Texas State Bar No. 00793612
      SDTX Bar No. 19328
      ldesantos@grsm.com
      Direct: 713-490-4827
      **Cristina Guerrero**
      Texas State Bar No. 24058860
      SDTX Bar No. 1786943
      cxguerrero@grsm.com
      Direct: 713-490-4850
      1900 West Loop South, Suite 1000
      Houston, Texas 77027

      **Chad A. Shultz**
      cshultz@grsm.com
      55 Ivan Allen Jr. Blvd., NW, Suite 750
      Atlanta, Georgia 30308

T: 404-978-7302
Georgia Bar No. 644440
**ATTORNEYS FOR SKYWEST AIRLINES**

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to Bibbus' counsel of record.

*/s/Cristina Guerrero*
**Cristina Guerrero**