IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM G. BIBBUS, JR., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 4:21-cv-03324 |
| v. | § | |
| | § | |
| SKYWEST AIRLINES, INC. | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................................ 4

II.   SUMMARY OF THE ARGUMENT ................................................................................ 6

   A.   Plaintiff's Prima Facie Case of Discrimination ......................................................... 6

   B.   Plaintiff's Prima Facie Case of Failure to Accommodate Disability Discrimination .......................... 6

   C.   Employer's Legitimate Nondiscriminatory Reason is Pretext .................................... 6

   D.   Employer's Retaliation due to Plaintiff's "protected activity" under the ADA or TCHRA of October 14, 2020 and October 20, 2020 Discrimination Complaints ............................................. 7

III.   LEGAL STANDARD FOR SUMMARY JUDGEMENT ................................................ 7

IV.   PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE .................................................. 8

V.   STATEMENT OF THE ISSUES ...................................................................................... 9

   A.   Disparate Treatment of Disability Discrimination ..................................................... 9

   B.   Failure to Accommodate Disability Discrimination ................................................... 9

   C.   Retaliation .................................................................................................................. 9

VI.   FACTS .............................................................................................................................. 9

VII.   ARGUMENT AND AUTHORITIES ............................................................................. 15

   A.   Plaintiff's Prime Facie Case of Violations of the ADA and TCHRA ..................... 15

   B.   Plaintiff's Prima Facie Case of Discrimination Plaintiff's Failure to Accommodate Claim.............. 24

   C.   Retaliation under the ADA/TCHRA ......................................................................... 27

VIII.   CONCLUSION ................................................................................................................ 29

<u>T</u><small>ABLE OF</small> <u>A</u><small>UTHORITIES</small>

**Page (s)**

**CASES**

*Anderson v. Liberty Lobby*, 106 S.Ct. 2505, 2510 (1986) ...................................................................8

*Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir.2012)....................................................................8

*Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 240 (5th Cir. 2015) ..............................22

*Caldwell v. KHOU-TV*, 850 F.3d 237, 241-42 (5th Cir. 2017)..........................................................16

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ...........................................................................8

**Clark v. Champion Nat'l Sec., Inc**., 952 F.3d 570, 582 (5ᵗʰ Cir. 2020)........................................28

*Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994).....................................................................8

*Credeur* , 860 F.3d at 797.........................................................................................................................28

*Cruz v. R2Sonic, LLC*, 405 F. Supp.3d 676, 692 (W.D. Tex. 2019) ................................................22

*Duckett v. City of Cedar Park, Tx*., 950 F.2d 272, 276 (5th Cir. 1992)............................................8

*Elder v. PDC Logic, LLC*, No. CV H-16-966, 2017 WL 4083605, at *9 (S.D. Tex. Aug. 15, 2017) ...............22

*Evans v. Houston* , 246 F.3d 344, 354 (5th Cir. 2001)........................................................................30

*Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) ...............26

*Hamilton v. Seque Software*, 232 F.3d 473, 477 (5th Cir. 2000)........................................................8

**Laxton v. Gap, Inc.** 333 F.3d 572, 578 (5ᵗʰ Cir. 2003)......................................................................8

*Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir.1994) (en banc)...........................................8

*Lyons v. Katy Indep.Sch.Distr*., 964 F.3d 298 (5ᵗʰ Cir. 2020)..........................................................29

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) ...............................................................20

*Nall* , 917 F.3d 335, 349 (5th Cir. 2019) ............................................................................................28

*Nall v. BNSF Ry. Co.* , 917 F.3d 335, 348- 49 (5th Cir. 2019) ........................................................28

*Pegram v. Honeywell, Inc.* , 361 F.3d 272, 285–87 (5th Cir. 2004).................................................16

*Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs* , 810 F.3d 940, 949 (5th Cir. 2015)...............30

*Raggs v. Miss. Power & Light Co.* , 278 F.3d 463, 472 (5th Cir. 2002)...........................................30

*Rodriguez v. Eli Lilly & Co*., 820 F.3d 759, 764 (5th Cir. 2016).....................................................20

*Sandel-Garza v. BBVA Compass Bancshares*, Inc., Civil Action no. 5:18-CV-128 (S.D. Tex. 2020) ...............21

*Seaman* , 179 F.3d at 301) ...................................................................................................................28

*Seaman v. CSPH, Inc.* , 179 F.3d 297, 301 (5th Cir. 1999)..............................................................28

*Sherrod v. Am. Airlines, Inc.* , 132 F.3d 1112, 1112 (5th Cir. 1998) ..............................................28

*Swanson v. Gen. Servs. Admin.* , 110 F.3d 1180, 1188 (5th Cir. 1997)...........................................29

*Terrebonne Parish Sch. Bd. v. Mobil Oil Corp*., 310 F.3d 870, 877 (5th Cir. 2002)........................8

*United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir.2008)............................8

*Williams v. Tarrant Cty. Coll. Dist.*, 717 F. App'x 440, 444–45 (5th Cir. 2018).............................16

*Wilson v. Noble Drilling Servs., Inc.* , 405 F. App'x 909, 913 (5th Cir. 2010) ..............................30

**RULES**

42 U.S.C. § 12112(a)..............................................................................................................................24

42 U.S.C.A. §12102(2)...........................................................................................................................16

42 U.S.C.A. §12102(3)...........................................................................................................................16

42 U.S.C.A. §12102(4)(E)......................................................................................................................16

American with Disabilities Act ("ADA")..............................................................................................15

FED. R. CIV. P. 56(a) ..............................................................................................................................7

TEX.LAB.CODE. ANN § 21.002(6) ....................................................................................................15

Texas Commission on Human Rights Act ("TCHRA") ......................................................................15

Texas Labor Code...................................................................................................................................15

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:**

Plaintiff  William Bibbus files this Response to Defendant's Motion for Summary Judgment and will show the Court as follows.

## I.     INTRODUCTION

Since the passing of the Civil Rights Act and the American with Disabilities Act, employers have become more sophisticated in the way they handle employees, and direct evidence of intentional employment discrimination is now rarely detected. However, in this case William Bibbus ("Plaintiff" or "Bibbus") shall present evidence of direct intentional discrimination and circumstantial evidence discrimination to prove his claims that he was discriminated because of his disability, for multiple requests for an accommodation which went ignored, and retaliation by SkyWest Airlines, Inc. ("Defendant" or "SkyWest") by placing him on administrative leave for the very accommodation he was seeking within six days of his complaint, and then terminating him within weeks of a second complaint he filed with SkyWest for discrimination on the basis of his disability, his requests for accommodation, and hostile work environment, on November 9, 2020.

In 2015, William G. Bibbus was hired as an airline mechanic for SkyWest Airlines. For five years he enjoyed good performance reviews, and a good reputation for being a "great mechanic". His supervisors commended the quality of his work, initiative, and good judgment. Bibbus suffers from an asthmatic condition, making it difficult for him to breathe while wearing a mask. Bibbus' asthma is complicated by his ADD, ADHD, Sleep Apnea, and anxiety, which requires he take several prescription medications.

In May 2020, like many employers across the country, SkyWest implemented a mask wearing policy. **The policy provided exceptions for employees who were unable to wear a mask due to documented health conditions incompatible with wearing a mask, and for employees not in a public area who could maintain a six feet separation from other individuals, among other exceptions**. Bibbus primarily worked alone and outside, eighty percent of the time. Bibbus mainly worked outside in the ramp area, away from the public, inspecting airplanes, and/or servicing maintenance requests for airplanes, and

he wore a mask when required. However, during the summer months of 2020, it became increasingly difficult for him to breathe with the mask on, causing a tightening in his chest. Ultimately, his breathing became so impaired that his doctor ordered him to stop wearing the mask and seek an accommodation from his employer.  Bibbus was able to perform the essential functions of his job with or without his mask.

Bibbus showed his supervisor Reginald Teague his medical documentation of asthma and made multiple requests for a reasonable accommodation, which were ignored. Various incidents occurred in August and October 2020, where Bibbus was harassed and/or threatened with termination for not wearing a mask. On October 14, 2020 and October 20, 2020, he filed complaints of discrimination on the basis of his disability, and SkyWest's refusal to process his requests for accommodation from having to wear a mask when not in public. On October 20, 2020, Bibbus' supervisor Reginal Teague placed him on administrative leave for allegedly refusing to wear a mask. On the same day, Bibbus filed a complaint of discrimination because of his disability and hostile work environment, and on November 9, 2020, SkyWest terminated Bibbus, without engaging in the interactive process, refusing him an accommodation, which in truth he did not need, because as stated above SkyWest mask policy exempted him from wearing the mask due to his documented medical condition of asthma which was incompatible with wearing a mask.

Bibbus' evidence will show that Bibbus suffered discrimination on the basis of his disability, and request for accommodation, that he was qualified and able to perform the essential functions of his job, and he suffered adverse employment actions because of his disability, and  when he complained of discrimination and the failure to accommodate him, he was ordered to wear a mask when other employees with medical documented conditions did not have to wear a mask, and weeks later Defendant fired Plaintiff in retaliation. Bibbus' evidence will also show that SkyWest alleged legitimate, non discriminatory reason of insubordination is pretext, and that at a minimum genuine issues of material fact exist as to Bibbus' discrimination and retaliation claims under the ADA/TCHRA.

## II.     SUMMARY OF THE ARGUMENT

### A.     Plaintiff's Prima Facie Case of Discrimination

Plaintiff has established a prima facie evidence of discrimination which shows that he was a qualified individual under the ADA/TCHRA with a disability, that he was placed on administrative leave because of his disability and terminated.  The very short timing between him being placed on administrative leave and/or terminated **strongly supports a causal connection** between his disability and termination. SkyWest legitimate nondiscriminatory reason for terminating Plaintiff is pretext because Defendant lied about Bibbus not complying with its mask policy and because emails from SkyWest Managers show that they knew that Bibbus did not violate its mask policy, and that he had an exception.  At a minimum genuine issues of material fact exist and summary judgment must be denied.

### B.     Plaintiff's Prima Facie Case of Failure to Accommodate Disability Discrimination

Plaintiff's evidence will show that Bibbus requested an accommodation based on his disability. SkyWest failed to accommodate Bibbus with a reasonable accommodation for which it knew Bibbus had a physical or mental limitation or was an otherwise qualified individual with a disability, failed to engage in the interactive process, failed to provide him with a reasonable accommodation, including, but not limited to allowing him not to wear a mask when he was alone outside, and has failed to demonstrate that the accommodation would impose an undue hardship on the operation of SkyWest business. At a minimum genuine issues of material fact exist and summary judgment must be denied.

### C.     Employer's Legitimate Nondiscriminatory Reason is Pretext

Employer's articulated reason of insubordination is pretext. Defendant lied about Bibbus not complying with its mask policy.  The truth is the Defendant's own mask wearing policy provided an exception for Bibbus from wearing the mask while not on duty, while not in public, for employees who have documented health conditions incompatible with wearing of masks or face coverings, for employees not in a public area who are able to maintain six feet separation from other individuals. **Exhibit 9**, **SWA 531-532.**  At a minimum genuine issues of material fact exist and summary judgment must be denied.

D. **Employer's Retaliation due to Plaintiff's "protected activity" under the ADA or TCHRA of October 14, 2020 and October 20, 2020 Discrimination Complaints**

On October 14 and October 20, 2020, Plaintiff filed complaints complaining of disability discrimination, failure to process his accommodation requests, and hostile environment. These complaints were "protected activity". On October 20, Plaintiff was placed on administrative leave for the very accommodation he was seeking. On November 9, 2020, Bibbus was terminated. The very short timing between the making of the complaints, and placing Plaintiff on administrative leave six days later, and termination only two weeks after his second complaint strongly support an inference of discrimination, and with other evidence of pretext are sufficient to survive summary judgment.

## III. LEGAL STANDARD FOR SUMMARY JUDGEMENT

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We view all of the evidence and draw all inferences in the light most favorable to the nonmoving party, "and all reasonable doubts about the facts should be resolved in favor of the nonmoving party." *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002) (internal citation omitted). "Conclusory allegations and unsubstantiated assertions" do not provide a showing of genuine dispute. *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir.2012). The moving party has the burden of demonstrating that absence of genuine issue for trial. *Duckett v. City of Cedar Park, Tx.*, 950 F.2d 272, 276 (5th Cir. 1992). The burden then shifts to the non-moving party to show with "significant probative evidence" that a genuine issue of material fact exists. *Hamilton v. Seque Software*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). Facts are considered material if they might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby*, 106 S.Ct. 2505, 2510 (1986). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir.2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc)).

### IV.     PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

Exhibit 1-Affidavit of William Bibbus

Exhibit 2-First Complaint filed by William Bibbus on SkyWest Ethicspoint Incident Management system on October 14, 2020 for disability discrimination, ADA accommodation request, hostile work environment against supervisors and/or managers Reginald Teague, Jason Miller, and Brandon Miller (SWA 441-465)

Exhibit 3-Email dated October 16, 2020 from William Bibbus to Kellie Dehais, Senior Manager of Human Resources re: Multiple requests for accommodation ignored (SWA 375-383)

Exhibit 4-Notice of Administrative Leave -October 20, 2020 (SWA 000017)

Exhibit 5-SkyWest Termination of William Bibbus-November 9, 2020 (WBJ 002)

Exhibit 6-Second Complaint filed by William Bibbus on SkyWest Ethicspoint Incident Management system dated October 20, 2020 for discrimination, ADA accommodation request, misuse of power, threats, hostile work environment against supervisors and/or managers Reginald Teague, Jason Miller, and Brandon Miller (SWA 466-471)

Exhibit 7-SkyWest Case 2403; Disciplinary Consultation created by Kellie Dehais, Senior Manager of Human Resources on SkyWest Ethicspoint Incident Management system October 22, 2020 (SWA 472-480)

Exhibit 8-Email dated October 14, 2020 William Bibbus completion of mask training (SWA 000521)

Exhibit 9-SkyWest Toolbox Talk training documents on mask policy (SWA 000526-532)

Exhibit 10-Gov. Abbott's Executive Order (SWA 448-452)

Exhibit 11-Deposition Transcripts dated February 22, 2023 & March 13, 2023, of Reginald Teague, Line Maintenance Supervisor and immediate supervisor for William Bibbus

Exhibit 12-Deposition Transcript of Kelly Dehais, SkyWest Senior Manager of Human Resources

Exhibit 13-Deposition Transcript of Brandon Miller, Sr. Manager for Line Maintenance

Exhibit 14-SkyWest Maintenance Policy Manual (WBJ-003-012)

Exhibit 15-EEOC Charge of Discrimination filed by William Bibbus (WBJ 074-077)

Exhibit 16-Performance Evaluation for William Bibbus dated August 19, 2020 (SWA 018-021)

Exhibit 17-Case no. 2445 Termination/Appeal by William Bibbus on SkyWest Ethicspoint Incident Management Report (SWA 481-495)

Exhibit 18-SkyWest Email dated April 13, 2020 encouraging employees to wear face masks (WBJ 033-034)

Exhibit 19- Mechanic Essential Job Functions (WBJ 070)

Exhibit 20-Deposition transcript of William Bibbus

## V.   STATEMENT OF THE ISSUES

### A.   Disparate Treatment of Disability Discrimination

1. Whether Plaintiff had a disability under the ADA or TCHRA.

2. Whether Plaintiff was qualified under the ADA or TCHRA.

3. Whether a causal connection exists between Plaintiff's disability and being placed on administrative leave and/or termination.

4. Whether SkyWest's reason for placing Plaintiff on administrative leave and/or terminated is pretextual.

### B.   Failure to Accommodate Disability Discrimination

1. Whether Plaintiff had a disability under the ADA or TCHRA.

2. Whether Plaintiff was qualified under the ADA or TCHRA.

3. Whether SkyWest failed to accommodate Plaintiff.

4. Whether SkyWest's reason for placing Plaintiff on administrative leave and terminating Plaintiff weeks later is pretextual.

### C.   Retaliation

1. Whether Plaintiff engaged in "protective activity" under the ADA or TCHRA.

2. Whether a causal nexus exists between Plaintiff's being placed on administrative leave and/or termination and the alleged disability.

3. Whether SkyWest's reason for Plaintiff's being placed on administrative leave and/or terminated is pretextual

## VI.   FACTS

1. William G. Bibbus, Jr., began working at SkyWest Airlines, Inc. ("SkyWest") on August 17, 2015 in Tuscon, Arizona. In July 2019, Bibbus applied for the position of Mechanic Level III in Houston, Texas, and his transfer was approved. **See Exhibit 1, Affidavit of William Bibbus, ¶ 2, SkyWest Airlines Employee Termination Information, WBJ-002.**

2. Bibbus worked as a Mechanic III with SkyWest in the Line Maintenance department in Houston, Texas. **See Exhibit 1, WBJ-002.**

3.      In the Line Maintenance department, most of the time Bibbus worked outside by himself on a ramp where the aircraft were kept, and was not open to the public.  **See Exhibit 1, ¶ 3.** He handled service calls for SkyWest aircraft, including requests for inspections and maintenance, as well as requests for maintenance on SkyWest trucks, and worked on equipment. **See Exhibit 1, ¶ 3.** A request for maintenance might include a request from a pilot to check out a tire, inspect possible damage on the fuselage, servicing of the different control systems, and topping off the hydraulic fluid. **See Exhibit 1, ¶ 3.** Bibbus completed all of the maintenance required through the use of a tablet. **See Exhibit 1, ¶ 3.**  He could drive up to the aircraft, complete any maintenance, and sign-off the work done from his vehicle. **See Exhibit 1, ¶ 3.**  Approximately, eighty percent of the time, if not more, Bibbus worked alone. **See Exhibit 1, ¶ 3.**

4.      On or about May 6, 2020, SkyWest published an online Toolbox Talk " MX Training" for its Line Maintenance employees on mask or face covering requirements. **Exhibit 9, See SWA 526-532.** The policy applied to Maintenance employees while on duty or company assignment and required them to wear a mask at certain times. **The policy also had several exceptions including: (1) an exception for employees who had "documented health conditions incompatible with wearing of masks or face coverings", (2) an exception for employees, not in a public area, who are able to maintain 6 feet, separation from other individuals, and (3) for employees, who had to perform a task which precluded the use of a face mask during the performance of a specific task. See Exhibit 9, SWA 531-532, SkyWest Toolbox talk training documents on mask policy.**  Toolbox Talk is an online platform SkyWest Airline uses to train and/or communicate with its employees regarding its policies. **See Exhibit 1, ¶4.**

5.      Bibbus suffers from asthma and used his inhaler to try to remedy his breathing issues**. Exhibit 1,¶5** Plaintiff's asthma is complicated by his diagnosed medical conditions of ADD, ADHD, Sleep Apnea, anxiety, and allergies. Bibbus is prescribed an inhaler for his asthma, Adderall for his ADHD, Wellbutrin and Xyzal for his allergies.  Bibbus has suffered from asthma and Sleep Apnea since 2016-2017. **See Exhibit 20, Deposition of William Bibbus, Pgs. 9-15, Pg 9, lines 20-25, Pg, 10, lines 19-25, Pg 11, lines 2-3, Pg 12, 11-15, Pg 63, lines 16-25.**

6.      During the summer months of 2020, Bibbus was experiencing difficulty breathing with the mask. **Exhibit 1, ¶5.**  Ultimately, his breathing became so affected that his doctor ordered him not to wear a mask and recommended that he seek an accommodation with his employer.  **See Exhibit 1, Affidavit of William Bibbus, ¶5, Dr. Whitelaw's Note, WBJ-072.**

7.      Bibbus works outside approximately eighty percent (80%) of the time. **See Exhibit 1, Affidavit of William Bibbus, ¶ 3.**

8.      In June of 2020, Bibbus met with his supervisor, Reginald Teague, and requested a reasonable accommodation excusing him from having to wear his mask since he primarily worked outside and alone. **See Exhibit 1, ¶ 6.** Bibbus was qualified to perform the essential functions of a mechanic with or without a reasonable accommodation. **See Exhibit 11, Deposition of Reginald Teague, P. 69, lines 10-22. See Exhibit 1, Affidavit of William Bibbus, ¶ 7.** Bibbus showed Reginald Teague his documented medical condition. **See Exhibit 20, Deposition Transcript of William Bibbus, Pg. 133, lines 18-25, Pg. 135, lines 1-5, P. 136, lines 3-20.**

9.      On July 2, 2020, Texas Governor Abbott issued a mask mandate policy requiring the use of face coverings using the lease restrictive means*, and exempting any person with a medical condition or disability that prevents wearing a face covering*, among other exemptions.  **See Exhibit A, ¶ 8, See also Exhibit 10-Governor Abbott's Executive Order, SWA 449, 448-452.**

10.     In August 2020, Bibbus received a positive Performance Review, commending his quality of work, initiative, and good judgement. **See Exhibit 16, Performance Evaluation, SWA 18-41.**

11.     In early October of 2020, Bibbus renewed his requests to his supervisor for a formal ADA accommodation due to his asthma.  Those requests went unaddressed. **See Exhibit 3,   Email dated October 16, 2020, between Kelly Dehais and William Bibbus re: ADA Accommodation. SWA 375.**

12.     On October 14, 2020, before Bibbus was on duty that day, he was questioned by a United Airlines Supervisor for not wearing a mask. The supervisor was visibly upset and challenged Bibbus' badges twice. Bibbus explained his asthmatic condition and that he had an exception to the mask wearing

requirement. **See Exhibit 7, SWA 472-480**. Reginald Teague, Bibbus' supervisor never spoke to anyone at United Airlines to discuss the incident. **See Exhibit 11, Reginald Teague's Deposition Page 138, lines 5-21.**

13.     On October 14, 2020, after the aforementioned confrontation, Bibbus was called into Mr. Teague's office and asked to confirm that the incident with the United Airlines had occurred. Bibbus confirmed the incident and Mr. Teague ordered him to attend a mask training, which he did later that day. **See Exhibit 1, Affidavit of William Bibbus, WBJ-022, October 14, 2020 Email re Mask Training completion, WBJ-022.**

14.     On October 15, 2020, Reginald Teague advised Bibbus that he was to wear a mask from his car to the maintenance shop and at any point beyond the maintenance doors.  Mr. Teague threatened to take his badge if he did not comply. **See Exhibit 7-SkyWest Case 2403; Disciplinary Consultation created by Kellie Dehais Senior Manager of Human Resources on October 22, 2020, See also Exhibit 11, Deposition of Reginald Teague Page 135 lines 13-20.**

15.     On October 16, 2020, Bibbus escalated his request for an accommodation by emailing Kellie Dehais, Employee Relations ("ER") Manager, complaining to her that his previous multiple requests for an accommodation were being ignored, and renewing his request for the paperwork for an accommodation.  **See Exhibit 3, October 16, 2020, Email between Kelly Dehais and William Bibbus re ADA Accommodation.**

16.     On October 16, 2020, Ms. Dehais acknowledged his request for an accommodation. **See Exhibit 3.**

17.     On October 17, 2020, Bibbus was called into Mr. Teague's office and threatened with his job if he does not wear a mask.  **See Exhibit 2**, **SWA 444.**

18.     On October 20, 2020, Teague asked lead mechanic, Carlos Bado to be a witness at a meeting with Bibbus where they planned to place him on administrative leave for not wearing a mask. **See Exhibit 7, SWA 472-480**.

19.     Bibbus was called into Mr. Teague's office. Bibbus asked if the meeting was about a disciplinary issue, and, if so, he requested that a representative of SkyWest Aircraft Mechanics Association ("SAMA") be present pursuant to Defendant's Corrective Action/Appeals policy. He was told it was not a disciplinary issue and was improperly denied the SAMA representative.  Yet, at that meeting, Bibbus was placed on administrative leave, for allegedly refusing to wear a mask. **See Exhibit 2-Ethicspoint Incident Management re Discrimination complaint filed by William Bibbus, SWA 441-447.**

20.     Once Bibbus realized that he was being placed on administrative leave, he refused to sign any documents without a representative. **Exhibit 7, SWA 474**. Teague then demanded he turn over his badges. **Exhibit 7, SWA 474**.

21.     Defendant stated on the Notice of Administrative Leave: "Employee refuses to wear a mask. Employee states he has a medical condition which makes him exempt from wearing a mask. Employee need (sic) to contact Employee Relations for further instructions." **See Exhibit 4, Notice of Administrative Leave dated October 20, 2020, SWA 000017.**

22.     SkyWest failed to apply its progressive disciplinary system where it provides employees first with a verbal warning, then a written warning, a final warning, administrative leave, and finally termination. Teague never gave Bibbus a verbal warning, written warning, or a final warning before placing him on administrative leave. **See Exhibit 11, Reginald Teague's Deposition Page 122 line 17 through Page 124 Line 8.** Teague did not engage in SkyWest's interactive process prior to placing Bibbus on administrative leave. **See Exhibit 11, Reginald Teague's Deposition Transcript Page 32-35.** Teague also states that he did not assist Bibbus in receiving an accommodation**.  See Page 66, lines 24-25; Page 67, lines 1-15, and Page 82, lines 5-11.**

23.     On October 20, 2020, Bibbus filed a Complaint with SkyWest complaining of discrimination, misuse of power, threats, harassment, and hostile work environment. **See Exhibit 6, Ethicspoint – Incident Management re Discrimination filed by William Bibbus, SWA 466-471.**

24.     Ms. Dehais was well aware of Bibbus having been placed on administrative leave for not wearing a mask because Bibbus' supervisor, Reginal Teague, consulted with her prior to placing him on administrative leave. **Exhibit 7, SWA 479.** Later, on October 20, 2020, Ms. Dehais (ER) finally responded to Bibbus with the accommodation paperwork **See Exhibit 3, Email between Kelly Dehais and William Bibbus ADA Accommodation, Employee Release Health Care Provider Response, Essential Job Functions/ Mechanic, SWA-376-377.**

25.     On November 5, 2020, Ms. Dehais sent an email to Bibbus giving him a different reason than what he had been told on October 20, 2020 when he was placed on leave.  Dehais now stated that he was placed on leave due to "insubordinate and unprofessional conduct." **See Exhibit 3, Email between Kelly Dehais and William Bibbus dated November 5, 2020, SWA-381-383.**

26.     On November 9, 2020, Bibbus was terminated. **See Exhibit 1, SkyWest Airlines Employee Termination Information, WBJ-002.** SkyWest's articulated reason for his termination was insubordination because he refused to turn over his badge on October 20, 2020, when Reginald Teague placed him on administrative leave. **Exhibit 11, Page 96, 10-15, 18-20.**

27.     Defendant failed to engage in an interactive process under the ADA and did not provide him the accommodation forms until after Defendant placed him on administrative leave.  It is undisputed that SkyWest did not follow their own interactive process. Bibbus was not given a reasonable opportunity to complete the request for accommodation process which typically takes two weeks. **See Exhibit 11, Reginald Teague's Deposition Page 61, lines 17-20.** Teague never gave him a written, verbal, or final warning prior to placing him on administrative leave. **See Exhibit 11, Reginald Teague's Deposition Page 122 line 17 through Page 124 Line 8.**

28.     Bibbus appealed his termination, and a Review Board within Defendant affirmed the termination and denied his request for reinstatement. **See Exhibit 1, Review Board Appeal Notification, SWA-523.**

29.     Bibbus requested his personnel file, and other relevant information, he was denied and did not have a fair opportunity to defend himself at the Review Board hearing, in contravention of Defendant's Corrective Action/Appeals policy. **See Exhibit 1, ¶ 27, Corrective Action – Standard Practice SWA 154-157.**

30.     Other employees worked without a mask and went unpunished. **See Exhibit 11, Deposition of Reginal Teague, Page 119 line 8 through Page 122 Line 4 - Dason Madden.**

## VII.     ARGUMENT AND AUTHORITIES

### A.     Plaintiff's Prime Facie Case of Violations of the ADA and TCHRA

Plaintiff's prima facie evidence of discrimination based upon his disability, precludes the granting of summary judgment. For convenience, Plaintiff will refer only to Plaintiff's American with Disabilities Act ("ADA") claim in place of his TCHRA claim. Plaintiff's claims under the Texas Labor Code are based on the Texas Commission on Human Rights Act ("TCHRA"). "Because TCHRA 'parallels the language of the [ADA]', Texas courts follow ADA law in evaluating TCHRA discrimination claims. *E.g.* , *Pegram v. Honeywell, Inc.* , 361 F.3d 272, 285–87 (5th Cir. 2004). The following ADA analysis therefore applies equally to the TCHRA." *Williams v. Tarrant Cty. Coll. Dist.*, 717 F. App'x 440, 444–45 (5th Cir. 2018).

The ADA "makes it unlawful for an employer to 'discriminate against a qualified individual on the basis of disability.'" *Caldwell v. KHOU-TV*, 850 F.3d 237, 241-42 (5th Cir. 2017) (quoting 42 U.S.C. § 12112(a)).  In order to prove a *prima facie* case of disability-based discrimination, the Plaintiff must show that: (1) he had a disability, (2) he was qualified for the job, and (3) there was a causal connection between his disability and his termination. *Id.* at 765.

### 1.     Bibbus was a qualified individual with a disability at the time he was placed on administrative leave and terminated.

"The ADA defines a person with a disability as a) someone with a physical or mental impairment that substantially limits a major life activity, b) has a record of such an impairment, or c) is regarded as having such an impairment." 42 U.S.C.A. §12102(2); TEX.LAB.CODE. ANN § 21.002(6). Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating,

15

sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. 42 U.S.C.A. §12102(3).  For purposes of para. 1(c ) above, an individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity. 42 U.S.C.A. §12102(3). The determination of whether an impairment <u>substantially limits</u> a major life activity shall be made without regard to the ameliorative effects of mitigating measures such as—**(I)** medication, medical supplies, equipment, or appliances, <u>low-vision devices</u> (which do not include <u>ordinary eyeglasses or contact lenses</u>), prosthetics including limbs and devices, hearing aids and cochlear implants or other implantable hearing devices, mobility devices, or oxygen therapy equipment and supplies. 42 U.S.C.A. §12102(4)(E).

> **2.    Plaintiff's disability of asthma is and was complicated by ADD, ADHD, and Sleep Apnea, substantially limiting his breathing and sleeping.**

Plaintiff's argument under A(1) is hereby incorporated here to establish that Bibbus was a qualified individual with a disability. Defendant's argument that Plaintiff cannot show an actual "disability" because he cannot show an impairment that is substantially limiting is simply not true.  Breathing and sleeping are major life activities. 42 U.S.C.A. §12102(3). Plaintiff's asthma is and was complicated by ADD, ADHD, Sleep Apnea and Anxiety requiring prescription medications, such as Adderall, Wellbutrin, Xyzal, an inhaler, and C-PAP.  **Exhibit 19, Deposition transcript of William Bibbus, Pgs. 9-15, Page 9, lines 20-25, Pg, 10, lines 19-25, Pg 11, lines 2-3, Page 12, 11-15.** Plaintiff has been diagnosed with asthma since 2016-2017, **See Pg 63, lines 16-25,** and Sleep Apnea since 2016-2017, **Pg. 86,** and diagnosed with ADHD since he was a child. **Pg. 89**. Bibbus is dependent on his inhaler. **Pg 74, lines 21-25**. Strenuous activity such as running, walking too fast, depending on the humidity and quality of air can trigger breathing issues for him, depending on the humidity and quality of the air. **Pg, 75, lines 1-4.** On his worst day at SkyWest, Bibbus would have multiple breathing episodes per day. **Pg. 82, lines 21-25**. In order to sleep at night, Bibbus must sleep with a C-PAP machine which alleviates his Sleep Apnea. **Pg 89.**  On his worst week at

SkyWest, Bibbus would have multiple asthma episodes per day. **Exhibit 20, Depo of William Bibbus**, **Pg. 82, 21-25, Pg. 84.**

      **3.**    **Bibbus was qualified to perform the essential job functions.**

      **Bibbus** was qualified to perform the essential job functions of a Mechanic Level III with or without the accommodation. **See Exhibit 11, Page 69, lines 22, Deposition of Reginal Teague, Plaintiff's supervisor. See Exhibit 1, Affidavit of William Bibbus, ¶ 7.** Defendant's argument that Plaintiff is not qualified because he could not comply with a valid safety requirement, and he refused the reasonable accommodation of leave SkyWest offered him for his position contradicts Defendant's own mask policy which exempted Plaintiff from having to wear a mask. **See Exhibit 9, SkyWest Toolbox Training documents on mask policy, SWA 531-532.** Thus, Bibbus did not have to "comply with a valid safety requirement", as Defendant argues.

      Plaintiff has established that he was a qualified individual with a disability at the time he was placed on administrative leave and terminated.  At a minimum, genuine issues of fact exist which should be determined by the trier of fact.

      **4.**    **Plaintiff's Direct Evidence of Discrimination**

      Plaintiff's arguments under **VII A(1)(2)(3)** are hereby incorporated here to establish that Bibbus was a qualified individual with a disability. Bibbus provided Defendant with a record of his disability of asthma **See Exhibit 20, Deposition of William Bibbus, Pg. 133, lines 18-25, Page 135, lines 1-5, Page 136, lines 8-20.**  Additionally, Defendant regarded Bibbus as having a disability.  **See lead mechanic Carlos Bado (Exhibit 7-SWA 474), his supervisor Reginald Teague (Exhibit 7-SWA 475), and Kellie Dehais, Senior Manager of HR. See Exhibit 2** SkyWest intentionally violated the ADA/TCHRA by discriminating against Bibbus by failing to apply its **mask policy exception** for employees who had "documented health conditions incompatible with wearing of masks or face coverings". **Exhibit 9**, SkyWest Toolbox training documents on mask policy, **SWA 531-532.**

      Bibbus supervisor Teague threatened him with termination and told him he needed to wear his mask from the moment he leaves his car, in the elevator, through the terminals, and in the shop unless he

was not within six feet of someone. **See Exhibit 11, Deposition transcript of Reginald Teague, Pg 135, lines 13-20.** This is direct evidence of discrimination because it was much more onerous than what the SkyWest mask policy required, and other employees with documented medical conditions were not required to wear a mask because of the exceptions in SkyWest mask policy. **Exhibit 9, SWA 531-532.** Additionally, Bibbus was place on unpaid leave when SkyWest usually placed employees on paid leave while awaiting their doctor's recommendations. **See Exhibit 12, Deposition of Kellie Dehais, Senior Manager of Human Resources, Pg 49, lines 5-11.**

Defendant lied about Bibbus not complying with its mask policy. **See Exhibit 4, Notice of Administrative Leave-October 20, 2020**. **See Exhibit 7, Disciplinary Consultation** where Teague states he is putting William because he saw him outside not wearing a mask. On October 14, 2020, the day the United Airlines representative stopped Bibbus to ask him about why he was not wearing his mask, he was not in a public area, and he was not on duty. **See Exhibit 2, SWA 443,** Bibbus complaint filed on October 14, 2020 for disability discrimination, ADA accommodation request, and hostile work environment. He was getting into an elevator that required a badge, so it was not a public area. As a result of the incident, Phipps Logan, a SkyWest manager, immediately emailed Jason Miller, Hangar Manager of Maintenance, stating **"*We need to adjust the Toolbox Talk. It currently allows for medical reasons for not wearing the face covering. SWA 475. The bullet point needs to be removed and the Toolbox Talk needs to be reissued.*"** These emails from SkyWest managers are compelling evidence of SkyWest intentional discriminatory conduct. SkyWest knew that Bibbus had ***not*** violated their mask policy, and they placed him on administrative leave for allegedly refusing to follow the mask policy, and terminated him anyway for alleged insubordination. Bibbus should have never been placed on administrative leave for not wearing a mask, because he did not have to. *Id.* Plaintiff has established direct evidence of discrimination.

**5.      In the alternative, Plaintiff's Circumstantial Evidence of Discrimination.**

Plaintiff's arguments under **VII A(1)(2)(3)(4)** are hereby incorporated here to establish that Bibbus was a qualified individual with a disability, and he suffered an adverse employment action because of his disability. Where a plaintiff relies on circumstantial evidence of discrimination, he must proceed under the

*McDonnell Douglas* burden-shifting framework. *Rodriguez v. Eli Lilly & Co.*, 820 F.3d 759, 764 (5th Cir. 2016) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). First, Plaintiff must establish a *prima facie* case of disability-based discrimination. This requires him to show that: (1) he had a disability, (2) he was qualified for the job, and (3) there was a causal connection between his disability and his termination. *Id*. at 765. Next, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for Plaintiff's termination. *Id*. Finally, the burden returns to Plaintiff to show that a reasonable jury could find the employer's proffered reason is mere pretext. *Id*.

After several incidents of harassment, it was abundantly clear to Bibbus that SkyWest was not abiding by its mask policy when it came to ***his*** disability, and the evidence is clear that he requested an accommodation on numerous occasions. **See Exhibit 3, SWA 381, Email dated October 16, 2020 to Kellie Dehais re: ADA Accommodation.**

SkyWest has a progressive disciplinary process where it provides employees first with a verbal warning, then a written warning, a final warning, administrative leave, and finally termination. Teague never gave Bibbus a verbal warning (which is required to be documented on a Record of Discussion and Action form), written warning, or a final warning before placing him on administrative leave. **See Exhibit 1, WBJ 10, Exhibit 11, Reginald Teague's Deposition Page 122 line 17 through Page 124 Line 8.** Teague did not engage in SkyWest's interactive process prior to placing Bibbus on administrative leave. **See Exhibit 11, Pgs. 32-35.** Teague also states that he did not assist Bibbus in receiving an accommodation**. See Page 66, lines 24-25; Page 67, lines 1-15, and Page 82, lines 5-11.**

SkyWest's failure to engage in the interactive process; **See Exhibit 11**, **Deposition of Reginald Teague, Pg. 22,** failure to provide a reasonable accommodation to Bibbus, willfully ignoring his multiple requests for accommodation-**See Exhibit 3**, Email dated October 16, 2020 to Kellie Dehais, including but not limited to allowing him to not wear a mask when working alone and outside (which was most of the time), and/or failing to transfer him to a position where he could work remotely for which he was qualified, placing Bibbus on administrative leave for alleged refusal to wear the mask, the very disability he was seeking an accommodation for, **Exhibit 4**, when the SkyWest mask policy in effect at the time provided

him with an exception to wearing a mask, and termination of his employment within weeks of filing his protected activity complaints of discrimination constitute prima facie evidence of discrimination, or at a minimum raises genuine issues of material fact.

Further evidence is Bibbus supervisor Teague denying Bibbus' request for a SAMA representative SkyWest when SkyWest knew they were about to place his on administrative leave for allegedly not wearing the mask. **See Exhibit 7, -SWA 474 Disciplinary Consultation created by Kellie Dehais Senior Manager of Human Resources on October 22, 2020.** On October 15, 2020, Reginald Teague advised Bibbus that he was to wear a mask from his car to the maintenance shop and at any point beyond the maintenance doors. Mr. Teague threatened to take his badge if he did not comply. **See Exhibit 7-SkyWest Case 2403, See also Exhibit 11, Deposition of Reginald Teague Page 135 lines 13-20.**

Teague did not engage in SkyWest's interactive process prior to placing Bibbus on administrative leave. **See Exhibit 11, Reginald Teague's Deposition Transcript Page 32-35.**

Kellie Dehais also did nothing to engage in the interactive process other than send him forms ***after*** he was placed on administrative leave for allegedly refusing to wear a mask. **See Exhibit 12, Deposition of Kellie Dehais, Pg 64, lines 21 through Pg 25, line 9**. According to Dehais, the first step in engaging in the interactive process is to have a phone conversation, which she states they never, so she did not send the forms. **Pg. 73, lines 4-11.** If Bibbus did state at one point that he was not requesting an accommodation, it was because he relied on SkyWest mask policy which had an exception for employees with documented health conditions incompatible with wearing a mask. ***Id.*** Plaintiff has established circumstantial evidence of discrimination on the basis of his disability, and request for accommodation.

> **6.      Plaintiff has established a causal connection between his complaints of disability and hostile work environment, and being placed on unpaid administrative leave, and his termination in such a short period of time.**

The timing of Defendant's placing Bibbus on administrative leave only four days after he complained of disability discrimination and ADA requests accommodation which were ignored, and being terminated only a few weeks later strongly supports an inference of discrimination. See *Sandel-Garza v. BBVA Compass Bancshares*, Inc., Civil Action no. 5:18-CV-128 (S.D. Tex. 2020) citing *Burton v.*

*Freescale Semiconductor*, *Inc*., 798 F.3d 222, 240 (5th Cir. 2015) ("The combination of suspicious timing with other significant evidence of pretext, can be sufficient to survive summary judgment."). *See*, *e.g.*, *Cruz v. R2Sonic*, *LLC*, 405 F. Supp.3d 676, 692 (W.D. Tex. 2019) (finding "an inference of causation" where plaintiff was terminated two and a half months after she returned from medical leave); *Elder v*. *PDC Logic*, *LLC*, No. CV H-16-966, 2017 WL 4083605, at *9 (S.D. Tex. Aug. 15, 2017) (same, where plaintiff was terminated "before he took a few days off for dialysis training").

On October 14, 2020,  and on October 20, 2020, Bibbus complained of discrimination and his ignored ADA accommodation requests for accommodation, threats, and a hostile work environment by his managers, Jason Miller, Sr. Manager of MX (Line Maintenance), Brandon Miller and Reginald Teague. **See Exhibits 2 and 6**.  Bibbus complained of two events which occurred on August 17, 2020 when he was attending a class where the trainer refused to him credit if he did not wear a mask even though he explained to him that he suffered from asthma and had an exception to the mask policy, and also October 14, 2020, when he was stopped because by a United Airlines representative and asked why he was not wearing a mask to which he explained that he had medical condition of asthma which exempted him from having to wear a mask.  Bibbus stated that on both events his supervisor Reginald Teague threatened him with termination if he did not wear a mask. **See Exhibit 2- First Complaint filed by William Bibbus on SkyWest Ethicspoint Incident Management system on October 14, (SWA 441-465). See Exhibit 6- Second Complaint filed by William Bibbus on SkyWest Ethicspoint Incident Management system on October 20, 2020 (SWA 466-469).**

Mr. Teague did not speak to Bibbus about the specifics of the incident, or ask him what happened. At this meeting, Bibbus asked if he was getting some kind of disciplinary action.  If that was the case, he was requesting a SAMA representative to be present. **Exhibit 7, SWA 474**. Teague told Bibbus he did not need a SAMA representative, and denied his request.   Teague told him there was no exemption from wearing the mask at SkyWest, and that Bibbus needed to put a mask on the minute he stepped out of the car. **See Exhibit 11, Deposition transcript of Reginald Teague, Pg 135, lines 13-20.**   Mr. Teague threatened Bibbus with termination if he caught him without a mask again. *Id.* **at SWA 475**.

Moreover, on October 16, 2020, Bibbus escalated his request for an accommodation by emailing Kellie Dehais, Employee Relations ("ER") Manager, complaining to her that his previous multiple requests for an accommodation were being ignored, and renewing his request for the paperwork for an accommodation.  **See Exhibit 3, October 16, 2020, Email between Kelly Dehais and William Bibbus re ADA Accommodation.**

On November 9, 2023 Bibbus was terminated. **See Exhibit 5, SkyWest Termination of William Bibbus.** Plaintiff has established a causal connection between his discrimination claims and his termination. At a minimum, genuine issues of material fact exist.

7.      **Defendant's legitimate nondiscriminatory reason for termination is pretext.**

Employer's articulated reason of insubordination is pretext. Defendant lied about Bibbus not complying with its mask policy when it placed Bibbus on administrative leave. **See Exhibit 4. Notice of Administrative Leave.** The truth is the Defendant's own mask wearing policies provided an exemption for Bibbus from wearing the mask for employees who have documented health conditions incompatible with wearing of masks or face coverings, for employees not in a public area who are able to maintain six feet separation from other individuals. **Exhibit 9**, **SWA 531-532**.

On October 14, 2020, the day the United Airlines representative stopped Bibbus to challenge his badge, he was not in a public area, and he was not on duty.  He was getting into an elevator that required a badge, so it was not a public area.   As a result of the incident, Phipps Logan, a SkyWest manager, immediately emailed Jason Miller, Hangar Manager of Maintenance, stating **"*We need to adjust the Toolbox Talk. It currently allows for medical reasons for not wearing the face covering. The bullet point needs to be removed and the Toolbox Talk needs to be reissued.*" Exhibit 7, SWA 475**.  These emails from SkyWest managers are strong evidence that SkyWest knew that Bibbus had not violated their mask policy, and they terminated him **anyway** for alleged insubordination.

Also, regarding the **October 14, 2020** incident with the United Airlines incident when Bibbus was on his way to work, not on duty, and stopped and questioned about not having a mask, his supervisor never asked Bibbus about the specifics of the incident, or ask him what happened. **SWA 475.** When Bibbus asked

if he was getting some kind of disciplinary action, he was requesting a SAMA representative to be present, Teague denied his request. **SWA 475.** Teague told him there was no exception from wearing the mask at SkyWest, and that Bibbus needed to put a mask on the minute he stepped out of the car. **SWA 475.** Teague threatened Bibbus with termination if he caught me without a mask again, and told him he was taking his badges. But for Teague attempting to take Bibbus' badges for allegedly putting things on ***pause*** to give Bibbus additional time to process his request for accommodation, his denial of a SAMA representative, and the fact that he brought a witness Carlos Bado to observe this act of ***kindness***, the alleged insubordination would not have happened.  SkyWest alleged excuse of insubordination simply does not add up.

As further evidence of pretext, on November 5, 2020, Kellie Dehais, the Senior manager of HR claims that she did not know anything about the incident with the United Airlines supervisor and the October 20, 2020 meeting when he was placed on administrative leave, and changed the reason for his being placed on leave to insubordination, feigning ignorance. **See Exhibit 3, SWA 382.** In fact, Dehais was involved from the very beginning. She was assigned to investigate the complaint filed by Bibbus on October 14, 2020. **See Exhibit 2, SWA 444 under "Case assignee", Kellie Dehais.** She received an email from Bibbus on October 16, 2020 complaining that he had sent multiple requests for accommodation which had been ignored, and now he had been threatened and harassed because of his request for accommodation. **Exhibit 3, SWA 381**. The evidence shows that Reginald Teague called her before he put Bibbus on administrative leave to get her approval. **Exhibit 7, SWA 475, See email from Teague to Brandon Miller.**

Finally, in an attempt to cover up its discriminatory actions taken against Bibbus, on October 22, 2020, Kellie Dehais created an incident report on SkyWest's platform, making it appear that Bibbus' supervisor, Teague, had requested a disciplinary consultation on Bibbus conduct, which he vehemently denies ever having created or ever having requested a consultation. **See Exhibit 11, page 71 through 73, line 21, P 74 lines one through 22.** Teague says he knows nothing about the United incident and spoke to no one at United about the incident. **Page 70, lines 11 through 13 page 74 lines one through 22.**

Six days later, on October 20, 2020, Bibbus was placed on administrative leave for refusing to wear a mask. The notice itself states "Employee refuses to wear a mask." "Employee states he has a medical

exemption for wearing a mask. **See Exhibit 4**, **See Exhibit 7, SWA 472-480**. Carlos Bado, SkyWest lead mechanic stated that he was called into witness Bibbus being put on administrative leave because he refused to wear a mask. **See Exhibit 7, SWA 474**, Call with Carlos Bado and Kellie Dehais.

On November 9, 2023 Bibbus was terminated. **See Exhibit 5, SkyWest Termination of William Bibbus.** Plaintiff has established a causal connection between his discrimination claims and his termination. At a minimum, genuine issues of material fact exist.

Moreover, Kellie Dehais testimony that they were placing him on leave to give him time to process his request for accommodation is further evidence of pretext. **Exhibit 12, Page 71, line 17-Pg. 72, line 8**, as Carlos Bado, lead mechanic stated he had been asked to witness Bibbus being placed on leave because he had been caught not wearing a mask, and that they had denied Bibbus request for a SAMA rep when he was placed on leave. **Exhibit 7, SWA 474, 475.**

Plaintiff has established a prima facie case of direct and circumstantial evidence of discrimination, and significant evidence of pretext. "No further evidence of discriminatory evidence is required because once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation." ***Laxton v. Gap, Inc.*** **333 F.3d 572, 578** (5th Cir. 2003). At a minimum, genuine issues of fact exist, and summary judgment must be denied.

   **B.      Plaintiff's Prima Facie Case of Discrimination Plaintiff's Failure to Accommodate Claim**

Plaintiff incorporates **VII A(1)(2)(3)(4)** as if fully set forth here to show that Plaintiff is a qualified individual with a disability. The ADA prohibits discrimination against qualified persons on the basis of disability. 42 U.S.C. § 12112(a). Among prohibited forms of discrimination is failing to make a reasonable accommodation to a known physical or mental limitation, absent an employer showing that doing so would pose an "undue hardship." *Id.* § 12112(b)(5)(A). A plaintiff's failure-to-accommodate elements may be summarized as:

   (1) the plaintiff is a "qualified individual with a disability";
   (2) the disability and its consequential limitations were "known" by the covered employer; and
   (3) the employer failed to make "reasonable accommodations" for such known limitations.

*Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013).

SkyWest's argument that Bibbus refused an accommodation is simply not true. SkyWest's argument that Bibbus was not seeking an accommodation may be correct in the early incidents of August 17, 2020 and October 14, 2020, where he believed he had an exception due to SkyWest policy and Governor Abbot's order. **See Exhibit 10, Executive Order GA 29-July 2, 2020.** However, by October 16, 2020, Bibbus had already been harassed on various occasions for not wearing a mask and requested a reasonable accommodation on several occasions, because his supervisor was telling him SkyWest had no exception to the mask wearing policy for asthma **See Exhibit 2, Complaint filed by Bibbus on October 14, 2020, SWA 443.**

Plaintiff's evidence shows that SkyWest failed or refused to make a reasonable workplace accommodation to Bibbus' for his known physical or mental limitation of asthma, as confirmed by lead mechanic Carlos Bado **(Exhibit 7-SWA 474)**, his supervisor Reginald Teague **(Exhibit 7-SWA 475)**, and Kellie Dehais, Senior Manager of HR. **See Exhibit 2**. Plaintiff made multiple requests for accommodation, as early as June, and these requests were ignored. **Exhibit 3.** On October 14, 2020, Kellie Dehais acknowledged receipt of his request for an accommodation which included a complaint that his requests had been ignored. SkyWest failed to engage in the interactive process and never offered Plaintiff a reasonable accommodation. **See Exhibit 21, Deposition of William Bibbus**, Pgs. 95, lines 4-16, Page 110, line 6 through Page 111, line 23. Page 131, line 19-25, Page 135, lines 8-12.

Bibbus subsequently being placed on administrative leave, not even four days later, and then terminated a few weeks later coupled by SkyWest's failure to engage in the interactive process is prima facie evidence of Bibbus complaint of discrimination. Defendant has presented no evidence that it provided a reasonable accommodation or that Plaintiff refused an accommodation. Defendant has presented no evidence that the accommodation would impose an undue hardship on the operation of the business.

     **1.**      **Plaintiff exhausted his administrative remedies.**

After outlining the circumstances of his termination, Plaintiff's EEOC charge specifically alleges that "I asked HR for ADA accommodation for not wearing a mask on or about October 17, 2020, but I did

not receive my doctors letter until after I was fired." Plaintiff's Amended Complaint similarly alleges that SkyWest failed to provide Plaintiff with a reasonable accommodation, by failing to engage in the interactive process and by not allowing him to wear a mask when working alone and outside (which is most of the time) (Dkt. No. 6 at ¶ 43). Plaintiff has satisfied the administrative remedies prerequisite.

On October 20, 2020 Bibbus was placed on administrative leave for not wearing a mask. Later that day, after being placed on leave, Bibbus was finally sent documents he needed to fill out in order to receive his accommodation. Reginald Teague told Bibbus that if he got "the request from HR, then it would be paid." **See Exhibit 11, Deposition of Reginald Teague-Page 50**. Bibbus was never compensated for the time he was placed on administrative leave.

On November 9, 2020 Bibbus was terminated. Bibbus' administrative leave was supposed to conclude on November 20, 2020 per the Notice of Administrative Leave document. Bibbus' leave was cut short, and he was terminated without ample time to get the requested proof from his doctor. If Bibbus was given the full month of his leave, he would have been able to fill out all necessary documents and return to work with his accommodation.

SkyWest placed Bibbus on administrative leave due to his inability to wear a mask. They did not engage in their own interactive process, which consists of a verbal warning, written warning, final warning, and then administrative leave. Had they engaged in this process, Bibbus could have had ample time to prove his disability and receive the necessary accommodations.

Because Bibbus has asthma, an EEOC approved disability, he was entitled to an accommodation. He notified his supervisors of this disability multiple times, and even escalated it to employee relations. Despite all his efforts, SkyWest still failed to give him a reasonable accommodation before unlawfully terminating him for his disability. Because all the elements of the Americans with Disabilities Act are met, Bibbus was discriminated against for his disability and as such he is entitled to summary judgement on this claim.

**2.    Defendant's legitimate nondiscriminatory reason for termination is pretext.**

Employer's articulated reason of insubordination is pretext. Bibbus hereby incorporates his argument under **VII(A)(7)** as evidence that Defendant's articulated reason of insubordination is pretext. Bibbus has established his prima facie case of failure to accommodate disability discrimination.  At a minimum, genuine issues of material exist which preclude summary judgment on this claim.

### C.   Retaliation under the ADA/TCHRA

*McDonnell Douglas* provides the burden-shifting framework for claims of unlawful retaliation under the ADA. *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1112 (5th Cir. 1998). "To show an unlawful retaliation, a plaintiff must establish a *prima facie* case of (1) engagement in an activity protected by the ADA, (2) an adverse employment action, and (3) a causal connection between the protected act and the adverse action." *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 348- 49 (5th Cir. 2019) (quoting *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999) ); *see also Credeur*, 860 F.3d at 797 (same).  If "the plaintiff has established a *prima facie* case, the defendant must come forward with a legitimate, non-discriminatory reason for the adverse employment action." *Nall*, 917 F.3d 335, 349 (5th Cir. 2019)(quoting *Seaman*, 179 F.3d at 301). If the defendant does so, "the plaintiff must adduce sufficient evidence that the proffered reason is a pretext for retaliation. Ultimately, the employee must show that 'but for' the protected activity, the adverse employment action would not have occurred**." *See Clark v. Champion Nat'l Sec., Inc*., 952 F.3d 570, 582 (5th Cir. 2020).

### 1.   Plaintiff engaged in a protected activity.

Plaintiff engaged in an activity protected by the ADA on October 14, 2020,  and on October 20, 2020, when he complained of discrimination and his ignored ADA accommodation requests for accommodation, threats, and a hostile work environment by his managers, Jason Miller, Sr. Manager of MX (Line Maintenance), Brandon Miller and Reginald Teague. **See Exhibits 2 and 6**.  Bibbus complained of two events which occurred on August 17, 2020 when he was attending a class where the trainer refused to him credit if he did not wear a mask even though he explained to him that he suffered from asthma and had an exception to the mask policy, and also October 14, 2020, when he was stopped because by a United Airlines representative and asked why he was not wearing a mask to which he explained that he had medical

condition of asthma which exempted him from having to wear a mask.  Bibbus stated that on both events his supervisor Reginald Teague threatened him with termination if he did not wear a mask. **See Exhibit 2- First Complaint filed by William Bibbus on SkyWest Ethicspoint Incident Management system on October 14, (SWA 441-465). See Exhibit 6- Second Complaint filed by William Bibbus on SkyWest Ethicspoint Incident Management system on October 20, 2020 (SWA 466-469).**  Defendant's argument that Plaintiff makes no complaints that he was being discriminated against because of his asthma ignores the written record of both complaints Bibbus filed on SkyWest Ethics Incident Management platform.

   **2.**  **Bibbus suffered adverse employment actions as a result of filing the complaints.**

  On October 20, 2020, he was placed on administrative leave for allegedly refusing to wear a mask, and on November 9, 2020, he was terminated. **Exhibits 4 and 5.**

   **3.**  **Plaintiff's evidence of a causal connection.**

  Plaintiff's complaints were "protected activity", and the very short timing between the making of the complaints, and placing Bibbus on administrative leave six days later, and termination on November 9, 2020, only two weeks after his second complaint strongly support an inference of discrimination, and with other evidence of pretext are sufficient to survive summary judgment. "Close timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a prima facie case of retaliation." *Swanson v. Gen. Servs. Admin.* , 110 F.3d 1180, 1188 (5th Cir. 1997) (emphasis added). The Supreme Court has observed that "[t]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case [of retaliation] uniformly hold that the temporal proximity must be 'very close.'" *Clark Cty. Sch. Dist. v. Breeden* , 532 U.S. 268, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) ; *see also Strong v. Univ. Healthcare Sys., L.L.C.* , 482 F.3d 802, 808 (5th Cir. 2007).

  In *Lyons v. Katy Indep.Sch.Distr.*, 964 F.3d 298 (5th Cir. 2020), the Fifth Circuit reviewed its "temporal proximity cases", stating  that a six-and-a-half-week timeframe is sufficiently close, but that a five-month lapse is not close enough, without other evidence of retaliation, to establish the "causal connection" element of a prima facie case of retaliation. Citing *Porter v. Houma Terrebonne Hous. Auth.*

*Bd. of Comm'rs*, 810 F.3d 940, 949 (5th Cir. 2015) ; *see also Wilson v. Noble Drilling Servs., Inc.* , 405 F. App'x 909, 913 (5th Cir. 2010) (unpublished) (concluding that one month between was sufficiently close); *Evans v. Houston* , 246 F.3d 344, 354 (5th Cir. 2001) (concluding that a five-day lapse was sufficient to satisfy the third element of a prima facie case of retaliation); *Raggs v. Miss. Power & Light Co.* , 278 F.3d 463, 472 (5th Cir. 2002) (noting that a district court in this circuit has found that "a time lapse of up to four months has been found sufficient").  Plaintiff has established a prima facie case of retaliation, and summary judgment must be denied. At a minimum, triable issues of genuine material fact exist.

## VIII.   CONCLUSION

Plaintiff has presented direct and circumstantial evidence of prima facie discrimination on the basis of his disability, that he was qualified to perform the essential job function of his job, that SkyWest knew he suffered from asthma, and that he suffered adverse employment actions because of his disability, and request for accommodation.

Defendant did not engage in the interactive disciplinary process before terminating Plaintiff.  The very short timing between Bibbus being placed on administrative leave on October 20, 2020, and/or his termination on November 9, 2020 and the filing of his complaints of discrimination and hostile work environment on October 14 and 20, 2020, **strongly supports a causal connection** between his disability, multiple requests for accommodation, and that he was retaliated against for SkyWest legitimate nondiscriminatory reason for terminating Plaintiff is pretext because Defendant lied about Bibbus not complying with its mask policy and because emails from SkyWest Managers show that they knew that Bibbus did not violate its mask policy, and that he had an exception. At a minimum, genuine issues of material fact exist, and summary judgment must be denied.

Respectfully submitted,

*/s/ Elizabeth Bohorquez*
Elizabeth Bohorquez
Federal Bar No. 191127
State Bar No. 00790328
ebohorquez@bhlawtx.com
**BOHORQUEZ | HOEFKER, PLLC**
2401 Fountain View, Suite 801
Houston, Texas 77057
Tel. (713) 812-8787
Fax (281) 652-5758
**ATTORNEY FOR PLAINTIFF**
**WILLIAM G. BIBBUS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 16, 2023. I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case files system of the court. The electronic case files system (CM/ECF) sent a "Notice of Electronic Filing" to SkyWest Airlines, Inc.'s counsel of record as listed below.

**Laura E. De Santos**
ldesantos@grsm.com
**Cristina Guerrero**
cxguerrero@grsm.com
1900 West Loop South, Suite 1000
Houston, Texas 77027
**Chad A Schultz**
cshultz@grsm.com
Gordon Rees Scully Mansukhani, LLP
55 Ivan Allen Jr. Blvd. NW, Suite 750
Atlanta, GA 30308

**ATTORNEYS FOR DEFENDANT**

*/s/ Elizabeth Bohorquez*
Elizabeth Bohorquez