IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM G. BIBBUS, JR., | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. 4:21-cv-03324 |
| | § | |
| v. | § | |
| | § | |
| SKYWEST AIRLINES, INC. | § | |
| | § | |
| *Defendant.* | § | |

---

**DEFENDANT'S REPLY TO PLAINTIFF'S LATE RESPONSE
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

In the event the Court considers Plaintiff's proposed late-response to Defendant's Motion for Summary Judgment [Doc. No. 25], Defendant SkyWest Airlines, Inc. ("SkyWest"), files this Reply in Response to same and will show the Court as follows:

## <u>TABLE OF CONTENTS</u>

Page

SUMMARY ................................................................................................................................1

    A.      Disparate Treatment Disability Discrimination ...............................................2

        1.      Plaintiff does not meet the definition of "disability" under the ADA or TCHRA................2

        2.      Plaintiff does not meet the definition of "qualified" under the ADA or TCHRA. ..............6

        3.      Plaintiff does not present direct evidence of discrimination............................................7

        4.      Causal nexus does not exist between Plaintiff's termination and alleged disability. ......10

        5.      No evidence that SkyWest's reason for Plaintiff's termination is pretextual. ................11

        6.      Plaintiff does not present circumstantial evidence of discrimination. ...........................11

    B.      Failure to Accommodate Disability Discrimination .............................................15

    C.      Retaliation.................................................................................................................17

CONCLUSION .........................................................................................................................18

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Blanks v. Southwestern Bell Communications, Inc.*,
    310 F.3d 398 (5th Cir.2002) ................................................................................8

*Dao v. Auchan Hypermarket*,
    96 F.3d 787 (5th Cir. 1996)................................................................................ 19

*Delaval v. PTech Drilling Tubulars, L.L.C.*,
    824 F.3d 476 (5th Cir. 2016) ......................................................................14, 16

*EEOC v. R.J. Gallagher Co.*,
    181 F.3d 645 (5th Cir.1999) ................................................................................8

*Ellison v. Software Spectrum, Inc.*,
    85 F.3d 187 (5th Cir.1996)...................................................................................8

*Forsyth v. Barr*,
    19 F.3d 1527 (5th Cir.), cert. denied, 513 U.S. 871, 115 S.Ct. 195, 130
    L.Ed.2d 127 (1994) ..............................................................................................6

*Garner v. Chevron Phillips Chem. Co., L.P.*,
    834 F. Supp. 2d 528 (S.D. Tex. 2011) ............................................................... 19

*Gergen v. City of Kentwood*,
    No. 1:09-CV-127, 2010 WL 2010878 (W.D. Mich. May 18, 2010) ....................5

*Green v. Medco Health Sols. of Tex., L.L.C.*,
    560 Fed. Appx. 398 (5th Cir. 2014) ....................................................................4

*Green v. Medco Health Sols. of Tex., LLC*,
    947 F. Supp. 2d 712 (N.D. Tex. 2013)..................................................................4

*Hagood v. Cnty. of El Paso*,
    408 S.W.3d 515 (Tex. App.—El Paso 2013, no pet.) ....................................... 10

*Hamilton v. Sw. Bell Tel. Co.*,
    136 F.3d 1047 (5th Cir. 1998)..............................................................................4

*Lopez v. Donahoe*,
    94 F. Supp. 3d 845 (S.D. Tex. 2015).................................................................. 20

*Lottinger v. Shell Oil Co.*,
    143 F. Supp. 2d 743 (S.D. Tex. 2001) .......................................................... 5, 12

*Miles-Hickman v. David Powers Homes, Inc.*,
    589 F. Supp. 2d 849 (S.D. Tex. 2008) .................................................................7

*Moss v. Harris Cty. Constable Precinct One*,
    851 F.3d 412 (5th Cir. 2017) ........................................................................... 15

*Moss v. Harris Cty. Constable Precinct One*,
    851 F.3d 413 (5th Cir. 2017) ........................................................................... 19

*Nash v. City of Houston, Tex.*,
    No. H-4:09-CV-1010, 2011 WL 13253442 (S.D. Tex. May 6, 2011) ................. 16

*Portis v. First Nat'l Bank of New Albany*,
    34 F.3d 325 (5th Cir. 1994) ............................................................................. 11

*Robinson v. Global Marine Drilling Co.*,
    101 F.3d 35 (5th Cir.1996) ................................................................................ 8

*Sandstad v. CB Richard Ellis, Inc.*,
    309 F.3d 893 (5th Cir.2002) ............................................................................ 11

*Skotak v. Tenneco Resins, Inc.*,
    953 F.2d 909 (5th Cir.), cert. denied, 506 U.S. 832, 113 S.Ct. 98, 121
    L.Ed.2d 59 (1992) .............................................................................................. 6

*Stewart v. AutoRevo, Ltd.*,
    No. 3:17-CV-0019-B, 2017 WL 5177119 (N.D. Tex. Nov. 8, 2017) ................... 6

*Strong v. Univ. Healthcare Sys., LLC.*,
    482 F.3d 802 (5th Cir.2007) ............................................................................ 20

*Waggoner v. City of Garland*,
    987 F.2d 1160 (5th Cir. 1993) ......................................................................... 14

*Warren v. Harris Cnty.*,
    No. 4:15-CV-02142, 2019 WL 13257716 (S.D. Tex. Oct. 30, 2019) ........... 18, 19

**Statutes**

42 U.S.C. § 12102(1) ................................................................................................. 5

42 U.S.C. § 12102(2)(B) ............................................................................................ 8

**Rules**

Fed R. Civ P. Rule 56 ................................................................................................ 6

**Reglations**

29 C.F.R. § 1630.2(k) ................................................................................................ 8

29 C.F.R. § 1630.9(d) .............................................................................................. 10

<u>SUMMARY</u>

Employment laws protect people from the unjust effects of discrimination and retaliation; they do not grant individuals an absolute immunity against disciplinary measures for insubordination.  This case has nothing to do with whether or not Plaintiff wore a mask at work.  When, where, why, and around who Plaintiff wore a mask is irrelevant to the assessment of Plaintiff's termination.  The fact that Plaintiff is stuck on the mask-wearing aspect of this case evidences Plaintiff's fundamental lack of understanding and accountability for his actions.

Here, Plaintiff admits to the conduct that forms the basis of his termination. *See* Doc. 19-1 at 189:19 – 190:3, 191:5 – 192:1, 152:12-24, 154:14-21, 249:19-20, 255:18-22, 257:15 – 258:9; *see* Doc. 19-11 at No. 42-43; *see* Doc. 19-5 at 142:6-19; 95:22 – 96:1; *see* Doc. 19-4 at 74:10-1.  The law does not require SkyWest to retain an employee who engages in misconduct simply because they are in the process of requesting an accommodation. *See Green v. Medco Health Sols. of Tex., LLC*, 947 F. Supp. 2d 712, 729 (N.D. Tex. 2013), aff'd sub nom. *Green v. Medco Health Sols. of Tex., L.L.C.,* 560 Fed. Appx. 398 (5th Cir. 2014) ("The ADA does not create an impenetrable barrier around a disabled employee, preventing an employer from taking any employment actions vis-à-vis the employee."); *see Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1052 (5th Cir. 1998) ("An employee who is fired because of outbursts at work directed at fellow employees has no ADA claim.").

Plaintiff has not presented any evidence that establishes a genuine issue of material fact as to any of the prima facie elements of his claims.  Even if, hypothetically, the Court were to find that Plaintiff could establish a prima facie case of disability discrimination, Plaintiff has presented no summary judgment evidence that establishes a genuine issue of material fact that SkyWest's reason for terminating his employment is false or not worthy of credence. Quite the opposite, Plaintiff admits to the conduct that forms the basis of his termination but somehow

believes that SkyWest is required to overlook his actions simply because he claims a disability. That is not the law.  In short, an employee "cannot hide behind the ADA and avoid accountability for his actions." *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 758 (S.D. Tex. 2001).

Therefore, for all the reasons set forth in SkyWest's Motion [Doc. No. 19] and further supported herein, SkyWest is entitled to summary judgment on all of Plaintiff's claims against it.

**A.    Disparate Treatment Disability Discrimination**

**1.    Plaintiff does not meet the definition of "disability" under the ADA or TCHRA.**

Plaintiff has failed to meet his burden to come forward with evidence that establishes a genuine issue of material fact as to whether Plaintiff meets any of the definitions of disability under the ADA or the TCHRA.

**a.  Plaintiff is not disabled.**

By itself, an asthma diagnosis does not establish that Plaintiff is disabled within meaning of the ADA.  A determination of whether an individual has a disability under the ADA is based on the effect of the condition, not the mere fact of diagnosis. *See* 42 U.S.C. § 12102(1). Merely sporadic episodes of breathing difficulty are not enough in this analysis. *See Gergen v. City of Kentwood*, No. 1:09-CV-127, 2010 WL 2010878, at *3 (W.D. Mich. May 18, 2010) (listing cases).

Here, there is no evidence that Plaintiff's asthma was "complicated by ADD, ADHD, and sleep apnea," as Plaintiff asserts. *See* Doc. 25, p. 16. Plaintiff also does not present sufficient evidence concerning the frequency, duration or severity of his asthma symptoms to create a genuine issue of fact that his asthma qualifies as a disability under the ADA or TCHRA.  In fact, evidence from Plaintiff's physician describes that Plaintiff "has never had formal pulmonary function tests," and "does not have formal sleep apnea." *See* Ex. 1.  Instead, Plaintiff had "an allergy work up in Tucson, Ear, Nose & Throat and apparently has some documented allergies."

*See* Ex. 1.  Moreover, Plaintiff's physician describes that he prescribed Plaintiff an inhaler at Plaintiff's request based on Plaintiff "trying one of his daughters when he exercised." Ex. 1.  Such a record undermines Plaintiff's claim. Consequently, Plaintiff cannot establish that he meets the definition of disability under the ADA or the TCHRA, and his self-serving statements are insufficient to survive summary judgment. *See Stewart v. AutoRevo, Ltd.*, No. 3:17-CV-0019-B, 2017 WL 5177119, at *4 (N.D. Tex. Nov. 8, 2017) (dismissing case finding plaintiff's conclusory statement that employer regarded him as having a physical impairment insufficient to establish he was regarded as disabled).

### b.  Plaintiff was not "regarded as" disabled.

Plaintiff also cannot establish that SkyWest regarded him as disabled. In support of this standard, Plaintiff, in one sentence, cites to Exhibits 25-2 and 25-7, wherein Plaintiff claims Carlos Bando, Reginald Teague, and Kellie Dehais regarded Plaintiff as disabled. *See* Doc. 25, pg. 17, ¶ 4.  However, Plaintiff offers no explanation as to how these exhibits support such an assertion.

It is well settled that the party opposing summary judgment is required to identify **specific** evidence in the record and **to articulate the precise manner** in which that evidence supports his or her claim. *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), cert. denied, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).  Further, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir.), cert. denied, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992).

Nevertheless, a review of Plaintiff's Exhibits Doc. 25-2 and Doc. 25-7 do not support Plaintiff's contention that SkyWest regarded Plaintiff as disabled.  In fact, Doc. 25-2 is simply a record of Plaintiff's complaint to SkyWest, with no indication that anyone at SkyWest regarded

Plaintiff as disabled.  And, in Doc. 25-7 [SWA 000474], Mr. Bando indicates that he does not regard Plaintiff as disabled when stating, "My personal opinion is that [Plaintiff] just doesn't want to wear a mask." Further, the statement by Mr. Teague in Exhibit Doc. 25-7 [SWA 000475] makes not reference to Mr. Teague regarding Plaintiff as disabled.

To be "regarded as" disabled, a plaintiff cannot simply rely on an employee's knowledge of the employee's physical condition. Rather, the plaintiff must show that the employer perceived the employee had an impairment that rose to the level of an actionable disability, namely, that the impairment caused a substantial limitation to the employee's ability to perform a major life activity. *See Miles-Hickman v. David Powers Homes, Inc.*, 589 F. Supp. 2d 849, 865 (S.D. Tex. 2008).  Plaintiff has not met this burden, and his conclusory statement is insufficient to create a genuine issue of material fact to survive summary judgment. *See Stewart v. AutoRevo, Ltd.*, No. 3:17-CV-0019-B, 2017 WL 5177119, at *4 (N.D. Tex. Nov. 8, 2017) (dismissing case finding plaintiff's  conclusory statement that employer regarded him as having a physical impairment insufficient to establish he was regarded as disabled).

### c. Plaintiff has no record of impairment.

Plaintiff also claims that he provided SkyWest with a record of his disability. *See* Doc. 25, pg. 17, ¶ 4.  Plaintiff cites to deposition testimony wherein Plaintiff claims to have provided documents to his supervisor, Reginald Teague, but Plaintiff cannot recall what was provided. *See* Doc. 25-20, P. 46, Ln. 1-5 ("I couldn't tell you right now because it was years ago, but I – I had documents with me and I presented them to my employer.").  Plaintiff further claims that he provided multiple documents, including an app that showed his medical condition. *See* Doc. 25-20, P. 46, 136:8-9.  However, none of the documents Plaintiff claims to have shown SkyWest indicates that Plaintiff was impaired.

To establish a disability under the "record of disability" prong of the ADA definition, Plaintiff must show that at some point in the past, he "was classified or misclassified as having

a mental or physical impairment that substantially limits a major life activity." *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187 (5th Cir.1996) (citing 29 C.F.R. § 1630.2(k)). Further, to meet this definition, it is not enough if a plaintiff shows a record of an adverse medical diagnosis; "in order to establish the existence of a disability under § 12102(2)(B) there must be a record of an impairment that substantially limits one or more of the ADA plaintiff's major life activities." *EEOC v. R.J. Gallagher Co.*, 181 F.3d 645, 655 (5th Cir.1999). Accordingly, a claim involving discrimination based on a record of impairment requires a plaintiff to show both that "(1) the plaintiff has a record or history of impairment; and (2) the impairment limits a major life activity." *Blanks v. Southwestern Bell Communications, Inc.*, 310 F.3d 398, 402 (5th Cir.2002) ("Although an individual may show that he or she has a record of impairment, if he or she fails to show that the impairment is substantially limiting, the individual may not qualify as disabled.")).

Plaintiff presented no evidence that there is a record of Plaintiff's asthma causing any impairment that constitutes a disability; i.e. that the impairment substantially limited a major life activity; much less that he provided such a record to SkyWest. *Dupre*, 242 F.3d at 615; *see also Bennett v. Calabrian Chems. Corp.*, 324 F.Supp.2d 815, 832 (E.D.Tex.2004) (holding there was no record of impairment where there was no evidence the impairment substantially limited a major life function) (citing *Robinson v. Global Marine Drilling Co.*, 101 F.3d 35, 37 (5th Cir.1996) (finding that advising supervisor of asbestosis diagnosis and having condition noted in personnel file were evidence of history of an impairment but not of a disability because it did not substantially limit a major life activity)). Plaintiff has therefore failed to meet his burden to come forward with evidence that establishes a genuine issue of material fact as to whether Plaintiff had a record of a disability.

In sum, Plaintiff has failed to meet his burden to come forward with evidence that establishes a genuine issue of material fact as to whether Plaintiff meets any of the definitions

of disability under the ADA or the TCHRA.  Accordingly, SkyWest is entitled to summary judgment on Plaintiff's disparate treatment disability discrimination claim.

2.      **Plaintiff does not meet the definition of "qualified" under the ADA or TCHRA.**

Plaintiff claims he was "qualified" because he was exempt from wearing a mask under SkyWest's policy and thus did not have to comply with the safety requirement.  Plaintiff's reasoning is flawed.

A review of SkyWest's mask policy from May 6, 2020, indicates that employees are exempt from wearing a mask when they have "documented" health conditions "incompatible" with wearing mask or face coverings. *See* Doc. 25-9, p. 6.  The fact remains that Plaintiff does not have a **documented** health condition that is **incompatib**le with wearing a mask or face covering.  In fact, Plaintiff admitted during his deposition that he has no document from any doctor saying he should not wear a mask, as shown below:

> 13      Q.  Do you have any document from any doctor that
> 14   says that you should not wear a mask?
> 15      A.  No.

*See* Doc. 19-1 at 166:13-15.  Instead, Plaintiff self-proclaimed that his asthma prevented him from wearing a mask. Such self-proclamation is far from being a documented health condition incompatible with mask wearing to be exempt under SkyWest's mask policy.

Moreover, SkyWest's mask policy from October 16, 2020, clearly states in bold lettering, **"Employees who are unable to wear a face covering or mask due to a documented medical condition should contact their manager who will review with Employee Relations for a possible medical accommodation."** *See* Doc. 25-9, p. 4.  Thus, SkyWest's policy did not allow for self-

proclaimed exceptions.  Until Plaintiff received a medical accommodation, Plaintiff was required to comply with SkyWest's valid safety requirement.

More importantly, although not addressed in Plaintiff's Response, Plaintiff vehemently refused the accommodation of leave offered by SkyWest.  As detailed in SkyWest's Motion [Doc. 19, p. 20], it was not unusual for SkyWest to place employees on paid administrative leave while awaiting their doctor's recommendations for a medical accommodation.  Plaintiff rejected SkyWest's attempt to place him on paid administrative leave with gross insubordination causing him to be escorted from the airport premises by the police.  Because Plaintiff rejected SkyWest's reasonable accommodation, he was no longer considered a qualified individual with a disability as a matter law at the time of his termination. *See Hagood v. Cnty. of El Paso,* 408 S.W.3d 515, 525–26 (Tex. App.—El Paso 2013, no pet.) (An employee is not required to accept an offered accommodation, however, if he rejects a reasonable accommodation, the individual will no longer be considered a qualified individual with a disability)*;* 29 C.F.R. § 1630.9(d).  Plaintiff has offered no legal authority or summary judgment evidence to the contrary.

Therefore, Plaintiff has failed to meet his burden to come forward with evidence that establishes a genuine issue of material fact as to whether Plaintiff was a qualified individual under the ADA or the TCHRA.  Accordingly, SkyWest is entitled to summary judgment on Plaintiff's disparate treatment disability discrimination claim.

## 3.    Plaintiff does not present direct evidence of discrimination.

Plaintiff claims to have direct evidence of discrimination because: (1) Mr. Teague told Plaintiff to wear his mask for more than what was required by SkyWest's policy, (2) other employees with documented medical conditions were not required to wear a mask because of the exceptions to SkyWest's mask policy, (3) Plaintiff was placed on unpaid leave when SkyWest usually placed employees on paid leave while awaiting their doctor's recommendations, (4)

SkyWest lied about Plaintiff not complying with its mask policy, and (5) Phipps Logan emailed about amending the Toolbox Talk.

Direct evidence is "evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Sandstad v. CB Richard Ellis, Inc*., 309 F.3d 893, 897 (5th Cir.2002). "[D]irect evidence is rare." *Portis v. First Nat'l Bank of New Albany*, 34 F.3d 325, 328 (5th Cir. 1994). This is not one of those rare cases.  None of the random facts cited by Plaintiff equate to direct evidence of discrimination because none of the facts establish that SkyWest relied upon any forbidden factor in making the ultimate decision to terminate Plaintiff's employment.  What's more, none of the facts touches on the added layer of impartiality provided by the four-member panel that reviewed the circumstances surrounding Plaintiff's termination and upheld the decision to terminate Plaintiff's employment due to Plaintiff's misconduct.

First, Mr. Teague's instructions to Plaintiff did not exceed the requirements of SkyWest Mask policies because SkyWest's mask policy specifically states that the policy includes any time that is "Otherwise mandated by local leadership." *See* Doc. 25-9, pp. 2, 4, and 6.  Moreover, Mr. Teague was not involved in the decision to terminate Plaintiff so this fact does not establish any discriminatory animus in the decision to terminate Plaintiff's employment.  *See* Doc. 25-12, 79:9 – 79:17 (Teague was not involved in the decision to terminate Plaintiff, only senior managers and directors are involved).

Second, SkyWest allowing employees with documented medical conditions to be exempt from the mask requirement under a medical accommodation does not evidence discriminatory animus to Plaintiff, quite the opposite. In any case, no such evidence has been presented in this case.

Third, the fact that Plaintiff was placed on unpaid leave does not evidence discriminatory animus because Plaintiff fails to account for Plaintiff's misconduct. It was SkyWest's intention to

place Plaintiff on paid administrative leave to assess his need for a medical accommodation. *See* Doc. 25-12, 49:17 – 51:20.   During Ms. Dehais deposition, she explained that when she initially talked to Plaintiff, she told him his leave would be paid so long as he complied with the interactive process. *Id.* However, when she learned of Plaintiff's insubordination, the decision of whether Plaintiff's leave would be paid was out of her hands and was escalated to the VP of Maintenance, Bill Dykes. *Id.* When Plaintiff was insubordinate and the matter escalated to involve the police, Plaintiff's misconduct caused him to lose the paid leave status.  SkyWest is not in the practice of paying employees for misconduct. The ADA does not insulate an employee from adverse action taken by an employer because of misconduct in the workplace, even if his improper behavior is arguably attributable to an impairment." *Lottinger v. Shell Oil Co.*, 143 F.Supp.2d 743, 758, 768 (S.D.Tex.2001). Thus, Plaintiff's unpaid leave status does not evidence discriminatory animus.

Fourth, it is unclear what Plaintiff means by stating that SkyWest "lied" about Plaintiff not complying with its mask policy.  If SkyWest must infer Plaintiff's meaning, this conclusory statement is not direct evidence of discrimination. Nonetheless, Plaintiff cites to Doc. 25-4, Notice of Administrative Leave in support of this alleged direct evidence of discrimination.  There is nothing in Doc. 25-4 that states Plaintiff did not comply with SkyWest mask policy. The Notice of Administrative Leave states that Plaintiff refuses to wear a mask; he states he has medical condition which makes him exempt from wearing a mask, and he needs to contact Employee Relations for further instructions. *See* Doc. 25-4.

SkyWest's mask policy does not allow for self-proclaimed exemptions. *See* Doc. 25-9, p. 4.  Rather, SkyWest instructs employees who are unable to wear a face covering due to a documented medical condition to contact their manager who will then review with Employee Relations for a possible medical accommodation. *See id.*  A review of Doc. 25-4 does just that; it

directs Plaintiff to engage with Employee Relations to finalize his requested medical accommodation. Thus, Doc. 25-4 is not direct evidence of discrimination.

Finally, Phipps Logan's emailed about amending the Toolbox Talk to remove the medical accommodation is not direct evidence of discrimination because the Toolbox Talk was not amended to remove the medical accommodation. *See* Doc. 25-9, p. 1-5.  Moreover, Mr. Logan was not involved in the decision to terminate Plaintiff's employment. *See* Doc. 25-12, 77:20 – 79:23 (Bill Dykes - Director of Maintenance, Peter Barry – Director of Quality, Joseph Sigg – Senior Manager of Line Maintenance and Heavy Maintenance, and Jason Miller involved in the meeting to terminate Plaintiff).

In short, not only are these random facts not direct evidence of discrimination, but they all fail to overcome the fact that the decision to terminate Plaintiff's employment for misconduct was reviewed and upheld by an impartial 4-member panel. Accordingly, Plaintiff has not presented direct evidence of discriminatory animus.

**4.      Causal nexus does not exist between Plaintiff's termination and alleged disability.**

Plaintiff fails to establish that Plaintiff's disability played any part in SkyWest's decision to terminate his employment.  Plaintiff cites only to the temporal proximity of his complaints of discrimination and requests for accommodation.  However, such temporal proximity argument does not account for Plaintiff's misconduct, which is an intervening, superseding event that breaks any purported chain of causation for Plaintiff's termination.  This is especially so given that Plaintiff admits to the conduct that forms the basis of his termination. *See* Doc. 19-1 at 189:19 – 190:3, 191:5 – 192:1, 152:12-24, 154:14-21, 249:19-20, 255:18-22, 257:15 – 258:9; see Doc. 19-11 at No. 42-43; see Doc. 19-5 at 142:6-19; 95:22 – 96:1; see Doc. 19-4 at 74:10-1.  Thus, SkyWest is entitled to summary judgment on Plaintiff's disparate treatment disability discrimination claim.

5.      **No evidence that SkyWest's reason for Plaintiff's termination is pretextual.**

Even if Plaintiff could hypothetically establish a prima face case of disability discrimination, SkyWest has a legitimate reason for Plaintiff's termination, which is due to Plaintiff's insubordination and unprofessional conduct.  Plaintiff failed to meet his burden to establish pretext.

"Pretext is established 'either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence.' " *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 480 (5th Cir. 2016). Plaintiff presented no summary judgment evidence of disparate treatment. There is no evidence that SkyWest ever expressed any animus toward disabled persons, nor is there any evidence that any non-disabled employee was allowed to remain employed under nearly identical circumstances of insubordination.

It is telling that the only admissible summary judgment evidence establishes that Plaintiff engaged in the conduct that forms the basis of his termination and SkyWest terminated Plaintiff based on said conduct. Plaintiff presented no evidence to the contrary establishing that the basis of his termination is false or unworthy of credence. . Plaintiff's failure to present such evidence is fatal to his claim. *See Waggoner v. City of Garland*, 987 F.2d 1160, 1165–66 (5th Cir. 1993) ("[T]he inquiry is limited to whether the employer believed the allegation in good faith and whether the decision to discharge the employee was based on that belief").

Because Plaintiff cannot demonstrate that SkyWest's legitimate reason for his termination was a mere pretext, SkyWest is entitled to judgment as a matter of law

6.      **Plaintiff does not present circumstantial evidence of discrimination.**

The purported circumstantial evidence of discrimination described by Plaintiff is nothing more than conclusory statements and red herrings.  To begin with, Plaintiff details SkyWest's alleged failure to follow its progressive disciplinary process.  However, such process is not

applicable in this case.  As evidenced by the Notice of Administrative Leave, Plaintiff's refusal to wear a mask was not a disciplinary issue, but rather a request for an accommodation. *See* Doc. 25-4. Because Plaintiff's mask wearing was not a disciplinary issue, there was never a need to provide Plaintiff with a written warning, final warning, or any other progressive disciplinary measure before placing him on administrative leave.

Next, Plaintiff references that he was not allowed a SAMA representative to be present at the meeting when he was being placed on administrative leave. However, that meeting was not a disciplinary meeting.  Ms. Dehais instructed Mr. Teague and Mr. Miller to place Plaintiff on administrative leave so that Plaintiff could provide his medical documentation and she could process his accommodation request. *See* Doc. 19-4 at 53:10-13.  Placing Plaintiff on temporary leave while awaiting his doctor's recommendations on his ability to work was a reasonable accommodation. *See Moss v. Harris Cty. Constable Precinct One*, 851 F.3d 412, 418 (5th Cir. 2017).  As shown in the Notice of Administrative Leave, Plaintiff was being placed on leave so that he could engage with Employee Relations and complete his request for a medical accommodation, not for a disciplinary issue. *See* Doc. 25-4. Thus, a SAMA representative was not required at the meeting.

Moreover, Plaintiff confuses the "interactive process" under the ADA with SkyWest's progressive discipline procedures.  SkyWest does not follow its progressive disciplinary procedures when determining whether an employee is entitled to an accommodation. As detailed in SkyWest's Motion, SkyWest engaged Plaintiff in the interactive process on October 16, 2020, when HR Manager Kellie Dehais called and emailed Plaintiff to discuss and provide Plaintiff with the required medical documentation necessary for SkyWest to process Plaintiff's request for a medical accommodation. *See* Doc. 19-4 at 64;21 – 65:6, 73:4-11, 74:19-21, 106:23 – 107:5, 109:1-24, 124:21-25, 144:12-20; *see* Doc. 19-9, Doc. 19-18.

Further, Plaintiff's claim that he had requested an accommodation from his supervisors previously and such requests were ignored is negated by Plaintiff's own description of the preceding events. *See* Doc. 19-3, p. 11 [SWA 000764]. Plaintiff describes his interactions with his supervisors acknowledging that his supervisors asked him for medical information after Plaintiff claimed to have a medical condition exempting him from wearing a mask. In response to their inquiries, Plaintiff took the position that such requests for information were "not allowed" "due to equal opportunity violation". *See id.* at SWA 000764.  Plaintiff further details that he informed his supervisor that "under the EEOC [he is] not required to give [his supervisor] medical documentation because [he] was not asking for an accommodation." *Id.*  Plaintiff cannot have it both ways. He cannot hinder the interactive process then complain that his requests were ignored.  *See Nash v. City of Houston, Tex.*, No. H-4:09-CV-1010, 2011 WL 13253442, at *6 (S.D. Tex. May 6, 2011)("It is the responsibility of the individual with the disability to inform the employer that an accommodation is needed," and lacking such a request, "the employer cannot be held liable for failing to provide one.").

An employer is allowed to require an employee to provide documentation ... sufficient to substantiate" the limitation that allegedly requires an accommodation, and it does not need to take the employee's word for it that he has an illness that may require special accommodation. *See Delaval v. PTech Drilling Tubulars*, L.L.C., 824 F.3d 476, 482 (5th Cir. 2016).  Where an employee refuses to provide such documentation, the Fifth Circuit has held that the employee causes a breakdown in the interactive process which precludes an employer's liability. *Id.*

Additionally, Plaintiff mischaracterizes evidence claiming that Ms. Dehais feigned ignorance on November 5, 2020, when she stated that she was unaware of the "incident" when she first spoke to Plaintiff.  *See* Doc. 25, p. 23. Plaintiff claims that Ms. Dehais was referring to not having knowledge of the incident with the UA supervisor or the meeting that took place on

October 20, 2020. *Id.* This is inaccurate.  During Ms. Dehais deposition she specifically explained that not having knowledge of the "incident" meant that she did not know that Plaintiff had been insubordinate and unprofessional, and escorted by the police when she spoke with Mr. Bibbus on October 20, 2020; as shown below:

```
                                              Page 124
  1      Q. (BY MS. BOHORQUEZ) Okay.  So as part of your
  2   case report, you included an e-mail from you to him on
  3   November 5th, 2020, regarding the ADA communication.
  4   And you state that when you first spoke with him, you
  5   were unaware of the situation.
  6      A. Correct.
  7      Q. So --
  8      A. Meaning that he had been insubordinate and
  9   unprofessional and escorted by the police.
 10      Q. Okay.
```

*See* Doc. 19-4, 124:1-10.

Lastly, Plaintiff claims that SkyWest attempted to cover up discrimination because Ms. Dehais created an incident report claiming that Mr. Teague requested a disciplinary consultation on Bibbus conduct, which Mr. Teague denies.  Again, Plaintiff misconstrues the evidence.  Ms. Dehais explained during her deposition that she created the EthicsPoint case on October 22, 2020, based on the email received from Mr. Teague detailing the incident that occurred on October 20, 2020, where Plaintiff was insubordinate. *See* Doc. 19-4, 76-77.  Ms. Dehais further explained that Mr. Teague would not know how the matter is labeled as in the system:

```
 14      Q. (BY MS. BOHORQUEZ) Okay.  And can you identify
 15   this document for the jury?
 16      A. This is the case for the discipline
 17   consultation in EthicsPoint.
 18      Q. Okay.  And who opened this request?
 19      A. I created this case.
 20      Q. You created this case?
 21      A. Yes.
 22      Q. So when it says "creator," it's -- it's you.
 23   And it says -- let's see.  I think it -- "Details:
 24   Reggie Teague requests a disciplinary consultation,"
 25   that's an untrue statement?
```

```
                                                      Page 77
 1      A.  Yes.  He reached out.  And it finishes.  It's
 2  blacked out but it does say "disciplinary consultation
 3  on William Bibbus."
 4      Q.  And so he -- you heard his testimony yesterday,
 5  right?
 6      A.  Yes.
 7      Q.  And he said he never requested a disciplinary
 8  consultation?
 9      A.  No.  That's just what I called it on this form.
10  He doesn't know what we call our cases.
11      Q.  Okay.  Okay.  And why did you feel the need to
12  open this request?
13      A.  We document everything that we do as an
14  investigator at SkyWest Airlines.  So if I have a
15  situation that I'm going to be looking into, providing
16  -- getting statements, talking to witnesses, I will open
17  a case.  This didn't necessarily fall on harassment or
18  discrimination.  I did it as a disciplinary consultation
19  to find out if discipline was necessary.
```

*See* Doc. 19-4, 76-77.

Accordingly, none of the purported circumstantial evidence negates SkyWest's legitimate, non-discriminatory and non-retaliatory basis for Plaintiff's termination nor does it raise a genuine issue of material fact as to whether discriminatory animus played any role in SkyWest's decision to terminate Plaintiff's employment.  It is particularly telling that Plaintiff's Response does not even mention the incident that occurred on October 20, 2020, where Plaintiff had to be escorted from the premises because he refused to follow his supervisor's directives.  Because Plaintiff presents no summary judgment evidence to establish pretext, SkyWest is entitled to summary judgment on Plaintiff's disparate treatment disability discrimination claim as a matter of law.

## B.   Failure to Accommodate Disability Discrimination

Plaintiff claims he exhausted his administrative remedies because he stated in his charge, "I asked HR for ADA accommodation for not wearing a mask on or about October 17, 2020, but I did not receive my doctor's letter until after I was fired." *See* Doc. 25, p. 26.  This sentence makes no reference to SkyWest failing to accommodate Plaintiff.  Neither the EEOC nor this Court can read factual allegations where none are stated. *Warren v. Harris Cnty., No*.

4:15-CV-02142, 2019 WL 13257716, at *8 (S.D. Tex. Oct. 30, 2019). Because Plaintiff provided insufficient factual basis for a failure to accommodate claim, it could not "reasonably be expected" to trigger an EEOC investigation. *Id.* Moreover, Plaintiff's reference to the allegations in Plaintiff's Amended Complaint are not applicable to the assessment of whether Plaintiff exhausted his administrative remedies **prior** to filing suit. *See Dao v. Auchan Hypermarket,* 96 F.3d 787, 789 (5th Cir. 1996) (employee must comply with the ADA's administrative prerequisites prior to commencing an action in federal court). Accordingly, because Plaintiff failed to exhaust administrative remedies, Plaintiff's ADA claim of failure to accommodate fails as a matter of law.

Additionally, Plaintiff offers no summary judgment evidence or legal authority refuting that SkyWest engaged in the interactive process when HR Manager Kellie Dehais called and emailed Plaintiff to discuss and provide Plaintiff with the required medical documentation necessary for SkyWest to process his request for a medical accommodation, or when SkyWest attempted to place Plaintiff on administrative leave. *See* Ex. 4 at 64:21 – 65:6, 73:4-11, 74:19-21, 106:23 – 107:5, 109:1-24. 124:21-25, 144:12-20; Ex. 9; Ex. 18.  It remains that placing Plaintiff on temporary leave while awaiting his doctor's recommendations on his ability to work was a reasonable accommodation. *See Moss v. Harris Cty. Constable Precinct One*, 851 F.3d 413, 418 (5th Cir. 2017).

Furthermore, Plaintiff presents no summary judgment evidence or legal authority contradicting that an employer cannot be found to have violated the ADA when responsibility for the breakdown of the informal interactive process is traceable to the employee and not the employer. *Garner v. Chevron Phillips Chem. Co., L.P.*, 834 F. Supp. 2d 528, 538 (S.D. Tex. 2011). Thus, the summary judgment evidence shows that Plaintiff was the cause of any breakdown in the interactive process because he refused to provide his supervisors with medical

documentation and Plaintiff engaged in insubordinate conduct toward his supervisor, which caused his termination. *See* Doc. 19-3, p. 11 [SWA 000764]; *see* Doc. 19-1 at 189:19 – 190:3, 191:5 – 192:1, 152:12-24, 154:14-21, 249:19-20, 255:18-22, 257:15 – 258:9; *see* Doc. 19-11 at No. 42-43; *see* Doc. 19-5 at 142:6-19; 95:22 – 96:1; *see* Doc. 19-4 at 74:10-1.

Based on the foregoing, and for the reasons set forth in SkyWest's Motion [Doc. 19], there is no genuine issue of material fact as to Plaintiff's failure to accommodate claim and SkyWest is entitled to summary judgment.

## C.    Retaliation

Plaintiff relies on temporal proximity to establish a causal connection between his alleged protected conduct and adverse employment actions. However, temporal proximity alone is not sufficient to prove a causal connection. *Strong v. Univ. Healthcare Sys., LLC*., 482 F.3d 802, 808 (5th Cir.2007) (repeating this holding "[t]o prevent future litigants from relying on temporal proximity alone to establish but for causation"); *Lopez v. Donahoe*, 94 F. Supp. 3d 845, 861 (S.D. Tex. 2015).   Temporal proximity in this case is insufficient to establish the cause connection because it does not account for Plaintiff's actions between the time he submitted the complaints and his termination. Being insubordinate to a supervisor and refusing to relinquish work badges when requested are severe infractions that SkyWest is not required to overlook.

Plaintiff also presents no summary judgment evidence raising a genuine issue of material fact showing that SkyWest would not have terminated Plaintiff but for him submitting complaints to SkyWest.   There is no evidence that any other SkyWest employee was retained after being insubordinate to his supervisor to the degree that it required police intervention.   Ultimately, as detailed above, Plaintiff presents no summary judgment evidence establishing that SkyWest's reason for his termination was pretext and the true reason was retaliation. Accordingly, SkyWest is entitled to summary judgment on Plaintiff's retaliation claim.

<u>CONCLUSION</u>

Based on the foregoing and for the reasons set forth in SkyWest's Motion [Doc. 19],

SkyWest is entitled to summary judgment on all of Plaintiff's claims against it.

Respectfully submitted,

Gordon Rees Scully Mansukhani, LLP

By: <u>*s/ Cristina Guerrero*</u>

**Laura E. De Santos**
Texas State Bar No. 00793612
SDTX Bar No. 19328
ldesantos@grsm.com
Direct: 713-490-4827
**Cristina Guerrero**
Texas State Bar No. 24058860
SDTX Bar No. 1786943
cxguerrero@grsm.com
Direct: 713-228-7019
1900 West Loop South, Suite 1000
Houston, Texas 77027
**Chad A. Shultz**
Georgia Bar No. 644440
cshultz@grsm.com
T: 404-978-7302
55 Ivan Allen Jr. Blvd., NW, Suite 750
Atlanta, Georgia 30308
**ATTORNEYS FOR SKYWEST AIRLINES**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 30, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to Plaintiff Bibbus' counsel of record.

<u>*s/ Cristina Guerrero*</u>
**Cristina Guerrero**